## ALEXANDER, by his guardian, v. ALEXANDER.

1. It is competent for the chancellor to determine the question of lunacy, when raised upon the pleadings, without directing an issue for the purpose of informing his conscience in the matter.

2. If either party is dissatisfied with the verdict on a feigned issue, an application should be made, not to the court in which it was tried, but to the court of chancery, where, notwithstanding the improper reception or rejection of evidence, a new trial will not be granted, if the result is such as it should have been.

3. Although it is not competent to revise on error, a question of law reserved by bill of exceptions upon the trial of an issue out of chancery; yet as the question is a novel one in our courts, it may be regarded as sufficiently " substantial," to authorise an appellate court to look into, and vary a decree as to costs, if incorrect.

4. The guardian of a lunatic, who has a just pretence for suing, and has conducted himself fairly, is not chargeable with costs, although unsuccessful in the suit; and where he is charged with them an appellate court will correct the decree on writ of error, if some other substantial ground of appeal be joined, and charge the estate of the lunatic with the entire costs.

Writ of Error to the Court of Chancery sitting at Montgomery.

The plaintiff in error filed his bill, by guardian, alleging that he had been formally married to the defendant, in August, 1839; that at the time of such marriage, previously and since, he was incapable, by reason of the want of understanding, to enter into any contract, much less one by which a relation in life so important was formed. He affirms that his mental incapacity was known to the defendant, and prays that the marriage solemnized between them may be declared null and of no effect in law. It is also alleged, that in February, 1840, upon proceedings regularly instituted in the orphans' court of Lowndes, he was found and adjudged to be a lunatic, and that Peyton S. Alexander, by whom he now sues, was by that court appointed his guardian.

The defendant answered the bill, admitting the marriage as alleged, and affirming the sanity of the complainant at the time it was solemnized.

The cause coming on to be heard, the chancellor directed an issue to be made up, and tried by jury in the circuit court of Mont-

gomery, to determine the fact of lunacy as alleged. That issue was tried, and the complainant was found to be *compos mentis* at the time of his marriage with the defendant. On the trial, the complainant, by his counsel excepted to the ruling of the circuit judge. 1st. For refusing to exclude evidence (which had been admitted without objection,) that issue of the defendant subsequent to the marriage of the parties had been born. 2. For refusing to charge the jury that such proof should have no influence upon them in making up their verdict.

The cause coming on for final hearing, a motion was made by the complainant to set aside the verdict, but the chancellor being satisfied with the finding of the jury, the motion·was overruled; and thereupon the complainant's bill was dismissed, and the costs adjudged to be paid by the guardian out of his own estate.

T. WILLIAMS, for the plaintiff in error.

HAYNE and ELMORE, for the defendant.

COLLER, C. J.—It is insisted that the decree of the court of chancery is erroneous. 1st. For the refusal to grant a new trial of the issue which had been tried in the circuit court. 2. In directing the costs to be paid by the complainant's guardian, *out of* his own estate.

1. The object of directing an issue, except where the law makes it imperative upon the chancellor, is to satisfy his conscience upon some question of fact. No matter how contradictory the proof, he may decide the case for himself without calling in aid the verdict of a jury. The present case is not an exception to this remark, though prudential reasons would have dictated the course that was adopted, yet it was entirely competent for the chancellor to have determined the question of lunacy. [Kennedy's heirs and ex'rs v. Kennedy's heirs, 2 Ala. Rep. 624.]

If either party is dissatisfied with the verdict, an application should be made, not to the court in which the issue is tried, but to the court of chancery in which the cause is pending. Upon such motion, that court will not, like a court of law, grant a new trial, upon the ground merely, that improper testimony was received, or proper testimony was rejected. Where it is satisfied, notwithstanding the improper reception or rejection of evidence, that the verdict ought to have been the same, it will not grant a new trial.

[Hampson v. Hampson, 3 Ves. & B. Rep. 41; Pemberton v. Pemberton, 11 Ves. Rep. 50; Savage v. Carroll, 2 Ball & Beatty's Rep. 444; Barker v. Ray, 2 Russell's Rep. 75; Tucker v. Wilkins, 4 Sim. Rep. 241; Apthorp v. Comstock, 2 Paige's Rep. 487; Mulock v. Mulock, 1 Edw. Rep. 17; Taylor v. Mayrant, 4 Dess. Rep. 505; Van Alst v. Hunter 5 Johns. Ch. Rep. 152.] In Barker v. Ray, *ut supra*, in which an issue had been directed and tried, the Lord Chancellor said: " In considering whether, in such a case as this, the verdict ought to be disturbed by a new trial, allow me to say, that this court, in granting or refusing new trials, proceeds upon very different principles from those of a court of law. Issues are directed here to satisfy the judge, which judge is supposed, after he is in possession of all that passed upon the trial, to know all that passed here; and looking at the depositions in the cause, and the proceedings both here and at law, he is to see whether, on the whole, they do, or do not satisfy him." It was also said that a misrepresentation by the judge who tried the issue as to effect of the defendant's answer, was not a sufficient ground for a new trial.

The court of chancery has such ample discretion over the subject, that it will not, *as a matter of course*, direct the issue to be tried anew, though the judge of the court of law certify that he is dissatisfied with the verdict. But it is usual, under such circumstances, to award a new trial. [Faulconberg v. Pierce, Amb. Rep. 210; Atkyns v. Drake, 1 McCl. and Young's Rep. 229; Pleasants v. Ross, 1 Wash. Rep. 156.]

In the present case, it has not been insisted, that the evidence adduced at the trial of the issue, a part from that objected to, should have led the jury to a different conclusion. If it were competent for this court to revise the decision of the chancellor upon the motion for a new trial, it would be impossible for us to say, that it operated injustice to the complainant, for the reason that the record does not inform us what evidence was before the jury, except as to the single matter stated in the bill of exceptions.

2. In respect to the direction as to the payment of the costs, it is argued for the defendant in error, that whether it be erroneous or not, it forms no ground for the reversal of the decree in the present cause. In Randolph v. Rosser, [7 Porter's Rep. 249,] it is said to have been previously decided by this court, that er-

ror will not lie to reverse a decree for costs *only*, but if open for investigation on other points, it will be reformed as to the costs. The court cite Hunt v. Lewin and Wyser, [4 Stewart and P. Rep. 147,] in which the law is laid down in accordance with the Attorney General v. Butcher, [4 Russell's Rep. 180.] In this latter case the Lord Chancellor said: " The rule is, that you cannot appeal for costs alone. But if a party appeals, having a substantial ground of appeal, and a fair question to agitate, and brings in the question of costs along with it, he may succeed with respect to the costs, though he does not succeed on the substantial ground of appeal. But if a point is brought forward as a ground of appeal, which on the slightest consideration, appears to have no substance, it would be too much to vary the decree as to costs. A point is not to be put forward as a ground of appeal, merely for the purpose of covering an appeal on the question of costs." The last sentence explains what is meant by a substantial ground of appeal. In the present case we cannot say that the point presented on the bill of exceptions, which was sealed on the trial of the issue, was not a fair question, but put forward merely to bring up the propriety of the decree as to costs. The nature of the case, and the very few points which have been here adjudicated, where issues from chancery have been tried, would rather lead to the conclusion that it was a reasonable ground of appeal.

In this view of the case, we must consider whether the estate of the lunatic should not have been charged with the costs of the suit. It is laid down generally, that trustees, who have a just pretence for suing, and who conduct themselves fairly, are not chargeable with costs. [2 Wms. on Ex'rs. 1252; Goodrich v. Pendleton, 3 Johns. Ch. R. 520; Arnoux v. Steinbrenner, 1 Paige's Rep. 82; Manny v. Phillips, 1 Id. 472; Fitzgerald v. O'Flaherty, 1 Moll. Rep. 347; Carmichael v. Wilson, 2 Id. 537; *Exparte*, Pease Tur. & Russ. Rep. 325; Brown v. Fisher, 4 Johns. Ch. Rep. 441; Matter of Arnhout, 1 Paige's Rep. 497.]

Conceding that the decree of the chancellor upon the equity of the bill was strictly correct, yet we think that the guardian of the lunatic should not have been charged with costs from his own estate. The allegations of the bill are sustained by at least four or five witnesses, whose depositions are found in the record, though the mass of the testimony may greatly incline the other

way. This is quite sufficient to show that the suit was not vexatious or without just cause. From what has been said, it is sufficiently obvious that the guardian should not have been burthened with the costs; nor should they have been imposed upon the defendant, as she was in no fault, and had made a successful defence to the suit. They should, however, be paid by some one, and the authorities abundantly show, that the estate of the lunatic in such case must bear the *expensa litis*.

The decree of the chancellor then, must be so modified as to direct that the costs be thus paid. The costs of this court cannot be imposed upon the defendant (to whom no fault is attributable,) upon the principle, that where parties stand equally fair in every respect, the actor who brings the other into court, ought to pay the expense. [Catlin v. Harned, 3 Johns. Ch Rep. 61.] As the litigation here was such as the guardian might well move in, to relieve himself from an unjust burthen, these costs will also be adjudged to be paid from the lunatic's estate.