## DABBS *vs.* DABBS.

[BILL IN EQUITY BY HEIRS-AT-LAW AGAINST DEVISEES—ISSUES AT LAW TO TEST VALIDITY OF WILL AND DEED OF GIFT.]

1. *Order directing issue at law interlocutory merely.*—An order in chancery directing an issue at law is interlocutory merely, and may therefore be set aside at a subsequent term.
2. *When new trial may be refused.*—Although the inheritance is concerned, a new trial of the issue may be refused to the heir, notwithstanding the erroneous rulings of the court trying the issue, when, on all the evidence in the case, if the verdict of the jury had been against the validity of the will, a new trial should have been awarded.
3. *Error on trial of immaterial issue works no injury.*—Where issues at law are directed to try the validity of a will and of a deed of gift, which are so connected by words of reference that if the will is valid the deed cannot be held invalid, and the verdict of the jury establishes the validity of the will, the trial of the other issue is an immaterial matter, and its regularity will not be looked into on error.
4. *Costs.*—Where the verdict is in favor of the will, and the court trying the issue erroneously renders judgment for the costs against the heir, besides certifying the costs to the chancellor, by whom also they are decreed against the heir, the error is without injury.

APPEAL from the Chancery Court of Tallapoosa.

Heard before the Hon. JAMES B. CLARK.

THIS bill was filed by Thomas G. Dabbs and others, the appellants, who are the children of John Dabbs and Nancy his wife, both deceased, and as such heirs-at-law of Jesse Dabbs, sr., deceased, their maternal grandfather, against the other heirs-at-law of said Jesse, who are John H. Dabbs, his son, and Jesse Dabbs, jr., his grandson. The objects of the bill are, to set aside the last will and testament of said Jesse Dabbs, sr., and also a certain deed of gift, both of which are charged to have been procured by fraud and undue influence on the part of the defendants : to obtain a discovery and account of the advancements made by the testator during his lifetime to the defendants ; and to have the estate finally settled and distributed. The deed of gift, which was executed only three days before the will, conveys to the said John H. Dabbs 360 acres of land and five negroes ; with the condition annexed, that he shall permit the donor, during his life, to hold, use, and enjoy them. The will contains the following reference to the deed : "Item 4. Whereas, on the 9th Sept. inst., I conveyed, by deed of gift, to my son John H. Dabbs, certain lands and negroes named and described therein, upon conditions therein contained : Now, in the event of my death, it is my will, that said John H. Dabbs shall take possession of said land and negroes, to have and to hold the same to his use, and to his heirs, forever."

At the May term, 1849, by consent of parties, feigned issues at law were directed, to try the validity of the will and deed ; but at the succeeding May term, 1850, this order was vacated and set aside, on the petition of the defendants, "until such time as the cause shall be fully at issue by the filing of full and complete answers by the defendants." After the defendants had filed full answers, the trials at law proceeded ; and the verdict of the jury, in each case, was in favor of the defendants, who were made to occupy the position of plaintiffs on the trials, in affirming the validity of the deed and will. Several exceptions were saved, during the progress of the trials, to the rulings of the presiding judge on the evidence, and were duly reserved by bills of exceptions ; and on these exceptions a motion was predicated, before the chancellor, for a new trial of the issues. This motion the chancellor refused to grant, holding, in effect, that, as the erroneous rulings of

the court could have worked no injury to the complainants, the verdicts ought not to be disturbed. A judgment for the costs of the trials at law was rendered in each case against the unsuccessful party, and the costs were also certified to the chancellor, by whom, on final decree, they were awarded against the complainants.

The final decree rendered by the chancellor, the overruling of the motion for a new trial, the several rulings of the court on the trials of the issues, the rendition of the judgment for costs, and the setting aside of the order directing the issues at law, are the matters now assigned for error.

J. FALKNER, for the appellant.

JAS. E. BELSER, *contra.*

GOLDTHWAITE, J.—There was no error in setting aside the order directing the issue at law, as it was interlocutory merely; and decrees or orders of that character are always under the control of the court making them, until the final decree is rendered.—Davis v. Roberts, 1 S. & M. Ch. 543; Roberts v. Cocke, 1 Rand. 121; Commonwealth v. Beaumarchais, 3 Call, 122; Cook v. Bay, 3 How. Miss. 485.

In relation to the refusal of the chancellor to grant a new trial, we see no error. We have carefully examined all the evidence which the parties agreed to admit on the trial of the issue as to the will,—that which was admitted against the objection of the appellants, and that which was offered on their part and excluded; and we are fully satisfied that, had the first been rejected, and the last received, it should not have altered the result. Indeed, looking to all the evidence, if the verdict had been the other way, we should have regarded it as the duty of the chancellor to have granted a new trial; and under these circumstances, there was no error in overruling the motion, although the inheritance was concerned.—Boothe v. Blundell, 19 Vesey, 494, 503; Alexander v. Alexander, 5 Ala. 517, and cases there cited.

As to the deed, we agree with the chancellor, that the issue as to it was entirely unnecessary. If the will stood, the deed must stand. If the first was valid, the last could not be held invalid. This being the case, and there being no reason why

an issue as to the deed should be directed, we will not disturb the verdict which establishes only what was included in the other issue. We will not look into the regularity of a trial in relation to a matter as to which there should have been no trial.

Upon the question of the costs at law, it is only necessary to say, that they were certified to the chancellor, and were properly adjudged by him against the appellants. It may have been erroneous in the Circuit Court to have rendered judgment against them, but as it was proper they should have paid them, and as they were rightly decreed against them by the chancellor, there is no injury in the error.

Decree affirmed, at the cost of the appellants.