# Barnett *v.* Montgomery & Eufaula Railroad Company.

*Bill in Equity against Railroad Company, for Injunction, and Damages for Right of Way.*

*Trial of issue of fact; bill of exceptions.* — A bill of exceptions is unknown to chancery practice, and cannot be reserved to the rulings of the chancellor on the trial of an issue of fact before him by a jury; the only remedy for erroneous rulings, whether the issue is tried at law or before the chancellor, is an application to the chancery court for a new trial.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. ADAM C. FELDER.

The bill in this case was filed by the appellant, against the Montgomery and Eufaula Railroad Company and John Wilson, to recover damages, or compensation, for lands taken by said company, under authority granted by its charter, for its right of way; also, to enjoin the further use by the defendants of a house which had been erected on lands taken by the company for its right of way, and which was used by Wilson as a storehouse for selling merchandise and spirituous liquors; and to prevent a threatened removal of the house by either of the defendants, on the ground that the railroad company was insolvent, and unable to satisfy any damages that the complainant might recover against it. After the cause was at issue, an issue of fact was ordered by the chancellor, to be tried before himself by a jury; and on the trial of that issue, several exceptions were reserved by the complainant to the rulings of the chancellor in the rejection of evidence, and in the charges given and refused; and a bill of exceptions, stating these points, was duly signed and sealed by the chancellor. In his final decree, the chancellor declared himself satisfied with the verdict of

the jury, and rendered a decree in accordance with it. The complainant appeals from this decree, and assigns as error the several rulings of the chancellor on the trial of the issue before the jury.

SAYRE & GRAVES, for appellant, argued the several assignments of error.

THOS. H. WATTS, with S. F. RICE, *contra*, contended that the rulings of the chancellor on the trial of the issue before the jury were not revisable on error, and cited *Alexander* v. *Alexander*, 5 Ala. 517 ; *Ex parte Story*, 12 Peters, 343 ; *Smith* v. *Atwood*, 11 Ala. 894·; *Dabbs* v. *Dabbs*, 27 Ala. 646 ; *Springle's Heirs* v. *Shields & Paulding*, 17 Ala. 295 ; *Anonymous*, 35 Ala. 256.

BRICKELL, J.—The chancellor, to satisfy his conscience on matters of fact, arising on the evidence in the cause, awarded an issue, to be tried before him by a jury. On that trial, evidence was offered by the complainant, which was rejected, and charges to the jury were given and refused, to which the complainant reserved exceptions. The only errors assigned in this court are, the rejection of the evidence offered, and the charges given and refused on the trial of this issue. These matters would not appear of record, in the absence of a bill of exceptions introducing them. It is said by Ch. J. Taney, in *Ex parte Story*, 12 Peters, 343, " A bill of exceptions is altogether unknown in chancery practice." This is certainly true. Bills of exception were unknown to the common law. They were introduced by the statute of Westminster 2, 13 Edw. 1, c. 31, the principles of which have been generally adopted in this country. *State* v. *Ned*, 7 Port. 187 ; *Bourne* v. *State*, 8 Port. 458. The English statute, in terms, confined them to civil causes at common law. The statute of this State, authorizing bills of exceptions, is framed evidently with a view to trials at law, and not to trials in chancery. Its object and purpose is the introduction on the record of rulings and decisions which would not otherwise appear. Such rulings and decisions can only be made in the course of a trial at law. In equity, all the evidence, " all objections thereto," all the orders and decrees of the court, are in writing, and parts of the record. In *Clayton* v. *Lord Nugent*, 1 Coll. (23 Eng. Ch.) 363, the vice-chancellor hesitated to recognize a bill of exceptions, taken by consent on the trial of an issue at law, with the avowed purpose of obtaining the opinion of the court on error. In 2 Daniell's Ch. Pr. 1119, it is laid down, " A bill of exceptions, for an alleged misdirection of the judge upon the trial of

an issue at law, will not lie." In *Alexander* v. *Alexander*, 5 Ala. 517, this court declined to revise a question of law, reserved by bill of exceptions, upon the trial of an issue out of chancery.

The object of awarding an issue of fact to be tried by a jury, in equity, is to satisfy the conscience of the chancellor, as to doubtful facts. The only remedy for the correction of errors intervening on the trial of the issue, whether the issue is tried at law, or before the chancellor, is an application to the court of chancery for a new trial. In entertaining this application, the court is guided by different rules from those governing a court of law in passing upon similar applications. The inquiry with the chancellor is, not whether, on the trial of the issue, errors intervened in the admission or rejection of evidence, or in the instructions to the jury, but whether, notwithstanding such errors, the verdict relieves the mind of the court, of the doubts compelling the issue. If it does, the verdict will stand, and no appeal lies. *R. R. Co.* v. *Turner*, 9 Rich. (S. C.) Eq. 270 ; 2 Daniell's Ch. Pr. 1120.

We are constrained to declare, that the assignments of error do not present matter which we can revise, and the result is an affirmance of the decree of the chancery court.

The decree is affirmed.