# Mathews *v.* Forniss.

| 91 | 157 |
|----|-----|
| 109 | 463 |

*Bill in Equity Contesting Probate of Will.*

1. *Issue at law; bill of exceptions.*—An issue at law in a chancery suit, to try a disputed question of fact, is matter of discretion with the chancellor, the verdict of the jury is not conclusive on him, and questions can not be reserved by bill of exceptions for revision in this court on appeal (Code, §§ 3585-89); but, when the bill seeks to set aside the probate of a will, an issue at law is a matter of right, if claimed in proper time (*Ib.* §§ 2000-01), and questions may be reserved by bill of exceptions for revision on appeal.

2. *Same; waiver.*—In this case, the bill being filed by an heir at law to set aside the probate of a will, the cause was submitted for decree on pleadings and proof, under an agreement, as recited in the order of submission, that the complainant should be allowed twenty days within which to procure the return of depositions which had not been completed, and that the file of papers, with the completed depositions, as noted by the register, should be forwarded to the chancellor for decree in vacation. When the papers were sent to the chancellor, the complainant demanded a trial by jury, and the chancellor thereupon entered an order in these words: "I do not think, as matter of right, the plaintiff can demand a jury now, after being silent as to that on the original submission ; but a careful examination of the pleadings and the voluminous testimony convinces me that this is a proper case to be tried by a jury, especially when the application is made before the court is called to enter upon the investigation of the questions of fact at issue ;" and he thereupon ordered an issue at law, which was tried before him by a jury, and allowed and signed a bill of exceptions to numerous rulings during the trial. *Held*, on appeal from the final decree approving the verdict in favor of the will, that the right to a trial by jury was waived, that the allowance of it was matter of discretion, and that the rulings shown by the bill of exceptions were not subject to revision.

3. *Right to open and conclude argument.*—When the probate of a will is contested in equity, and an issue of *devisavit vel non* is submitted to a jury, the proponent of a will, and not the complainant, is the actor, and is entitled to open and conclude the argument.

APPEAL from the Chancery Court of Wilcox.

Heard before the Hon. THOS. W. COLEMAN.

The bill in this case was filed on the 17th August, 1885, by Mrs. Medora Mathews, one of the heirs at law and next of kin of George W. Mathews, deceased, against Mrs. Rebecca E. Forniss (formerly Mathews) and others ; and sought to vacate and set aside the probate of the last will and testament of said George W. Mathews, which had been probated, on proof by the subscribing witnesses, and without contest, on the 20th September, 1880. By his said last will and testament, the testator devised and bequeathed his entire property to his

wife, Mrs. Lucy Mathews, to whom he was married in April, 1873. Soon after his marriage with her he executed several deeds, by which he conveyed all his property to her; and the bill also sought to vacate and cancel these several conveyances. Mrs. Lucy Mathews died in October, 1880, having executed her last will and testament, by which she devised and bequeathed all of her property, with trifling exceptions, to Mrs. Rebecca E. Mathews; and her will was duly admitted to probate soon after her death. The bill attacked the validity of the will of said Geo. W. Mathews, on the ground that he was wanting in testamentary capacity, from the excessive use of intoxicating liquors and morphine, and on the ground of undue influence on the part of his wife and said Rebecca E.; and it also attacked the validity of the deeds on the same grounds, except that the undue influence was charged against his wife only.

The cause being submitted for decree on pleadings and proof, as shown more particularly by the order and recitals set out in the opinion of the court, an issue of fact was submitted to a jury, under the direction of the chancellor; and on the trial before him, a bill of exceptions was reserved, allowed and signed by him, to numerous rulings, principally on questions of evidence. The jury returned a verdict in favor of the will, and the chancellor, approving it, and further finding in favor of the validity of the deeds, rendered a decree dismissing the bill. From this decree the complainant appeals, and makes 130 assignments of error, most of them founded on rulings shown by the bill of exceptions. The appellees submitted a motion to strike out the bill of exceptions, and all assignments of error founded on it.

W. A. GUNTER, R. GAILLARD, P. M. HORN, and SUMTER LEA, for appellant, argued most of the assignments of error, and cited the following authorities on the points decided by this court: (1.) On the issue of *devisavit vel non*, the heir is entitled to a trial by jury, as matter of right; and the jurisdiction of the Chancery Court could not be maintained, if this right was withheld.—*Kennedy v. Kennedy*, 2 Ala. 625; *Gaines v. Chew*, 2 How. 645; *Johnston v. Glasscock*, 2 Ala. 118; *Lambert v. Cooper*, 29 Grat. 61; *Kumpe v. Coons*, 63 Ala. 455. (2.) If the right to a trial by jury was waived, because not demanded in proper time, yet the chancellor recognized the right, and granted a trial by jury; and advantage can not be now claimed of any supposed waiver. (3.) The bill of exceptions is an incident of a trial by jury on an issue of *devisavit vel non*, and the chancellor so recognized it when he

[Mathews v. Forniss.]

approved and signed the bill. Without the right to revise erroneous rulings on the trial, the right to a trial by jury would be a mockery. (4.) The will having been admitted to probate, the *onus* was on the complainant in the first instance, seeking to set it aside, to adduce proof tending to invalidate it. The complainant was required to take the initiatory steps in the contest, and was the actor; and she was entitled to open and conclude the argument, though the burden of proof might shift during the trial.—1 Thompson Trials, § 239; *Johnston v. Glasscock*, 2 Ala. 236; *Chamberlain v. Gaillard*, 26 Ala. 512; *Grady v. Hammond*, 21 Ala. 427; *Worsham v. Goar*, 4 Port. 441. (5.)The chancellor had no right, in considering the issue as to the validity of the deeds, to consider the oral evidence adduced on the trial before the jury as to the validity of the will.—*Reese v. Barker*, 85 Ala. 474; Code, 824, Rule 77.

S. J. CUMMING, J. N. MILLER, JONES & JONES, and BRUTUS HOWARD, *contra*.—(1.) If the complainant had a right to demand a trial by jury, it was waived because not demanded when the cause was submitted to the chancellor for decision; and the allowance of a trial by jury was mere matter of discretion with the chancellor.—Code, §§ 3585–87. (2.) A bill of exceptions is unknown to chancery practice.—*Barnett v. Railroad Co.*, 51 Ala. 555; *Tapp v. Cox*, 56 Ala. 553; *Adams v. Munter*, 74 Ala. 338; 12 Peters, 343. (3.) In every case involving the probate of a will, the proponent is the actor, and is entitled to open and conclude the argument.—*Johnston v. Glasscock*, 2 Ala. 218; *Hill v. Barge*, 12 Ala. 687; *Boardman v. Woodman*, 47 N. H. 131; *Kumpe v. Coons*, 63 Ala. 448; *Riggs v. Wilton*, 13 Ill. 15, or 54 Amer. Dec. 419, notes; *Potts v. House*, 50 Amer. Dec. 329; *Mayo v. Mayo*, 78 N. C. 402; 75 N. C. 289. (4.) Discarding the bill of exceptions, and all assignments of error founded on it, the material question is, whether the evidence sustains the chancellor's decree in favor of the will; and that question is submitted on the record.

STONE, C. J.—Geo. W. Mathews intermarried with Lucy Mayhew, April 9, 1873. Within a little more than one month afterwards, he, by deeds, some of them to a trustee, and one of them to her directly, conveyed his entire real estate in such manner as that, if the said Lucy survived him, and the deeds were upheld, his estate, at his death, would enure to her benefit. His real estate was of relatively large value, and his personal property of but little value. He was an old man, and childless, and she survived him some three months, and died with-

out issue. His next of kin were one niece, Medora Mathews, three nephews, her brothers, and one great niece. These were the children and grand-child of two of his brothers, whose deaths preceded his; were his next of kin, and would inherit his estate, if he died intestate.

On May 25, 1878, Geo. W. Mathews executed what purported to be his last will and testament, attested by three subscribing witnesses, and therein devised and bequeathed his entire estate of every description to his wife, Lucy Mathews, and constituted her sole executrix, to qualify without bond. On July 21, 1880, the said Geo. W. Mathews died, not having changed or modified his testamentary disposition in any respect. This will was duly propounded for probate by Mrs. Mathews, the executrix, and on September 20, 1880, the execution of the will was duly proven in the Probate Court by the subscribing witnesses, and the will was admitted to probate and to record.

On August 30, 1880, Mrs. Lucy Mathews executed what purported to be her last will and testament, attested by two subscribing witnesses, by which she made two small bequests to friends not related to her, and devised the whole residue of her estate to Rebecca E. Mathews, a distant relative of the said Geo. W. Mathews, but not of the next of kin, entitled to share in his estate. Rebecca E. Mathews was named as executrix of this will, and relieved of giving bond as such. Lucy Mathews died October 15, 1880. Her will was duly probated in the Probate Court, November 16, 1880.

Medora Mathews, one of the next of kin of Geo. W. Mathews, entitled, as such, to share in his estate if his will be invalid, filed the bill in this case, August 17, 1885. The object of the bill was, and is, to contest the alleged will of the said Geo. W. Mathews, on two grounds: First, that at the time of the execution of the alleged will, the said testator was not of sound, disposing mind and memory. The second ground is, that the said instrument is not the will of the said Geo. W. Mathews, because it was procured to be executed by undue influence, dominating his will, exercised by said Lucy Mathews and Rebecca E. Mathews, one or both of them. Each of these charges was denied, and thus the issue in this case was formed.

It should be stated here that the bill of Medora Mathews not only contested the said will, but it assailed, on the same grounds, the several deeds made by the said Geo. W. Mathews in 1873, to and for the use and benefit of the said Lucy.

A vast volume of testimony was taken on each side, but when the case was called for trial, some of the commissions and interrogatories sued out by complainant had not been re-

OF ALABAMA. 16Ï

turned executed. This was at the January term, 1887, of the Chancery Court. On a motion by complainant for a continuance, it was ordered, partly by direction of the court, and partly by the consent of the solicitors, as we infer, that the cause be entered as submitted; but certain days were allowed within which to bring in additional testimony, when the testimony was to be published by order of the register, a note of the testimony taken, and the file forwarded to the chancellor for consideration and decree in vacation. Nothing was said by any one relating to a trial by jury. A decretal order was then entered by the chancellor, from which we make the following extracts :

"And now upon motion and suggestion of counsel for defendants, and of the court's own motion, it is adjudged and decreed that said cause be, and the same shall not be continued, nor the defendants put upon their said admissions as to the testimony of said last named witnesses, except upon the following conditions, to-wit : Complainant has twenty days from the adjournment of this court in which to get in the testimony of all the witnesses in her behalf, to whom she now has interrogatories in the hands of commissioners, or where commissions have been returned without execution ; and when such testimony is received by the register, shall be used by complainant at the hearing of this cause against defendants, instead of the statements of complainant in her application for continuance, as to what she expects to prove by them. . . . And thereupon came the parties defendants, by their counsel, and accepted said terms, and comes the complainant by her counsel, and accepts said terms. Whereupon the court ordered the trial to proceed. On motion of defendants, it is ordered that the testimony now in be published, but without prejudice to the testimony to come in hereafter. And the cause is submitted by the parties for decree upon the pleadings and proof hereafter to be noted by the parties within the said twenty days. And the term of the court having nearly expired, the cause is held for decree in vacation." This order was made January 12, 1887.

It is not shown at what time the file reached the chancellor. On June 11, 1887, the chancellor, in vacation, made a decretal order, from which we make the following extract: "At the term of the court when the submission was ordered, neither party applied for a jury. When the file reached me, the complainant insisted upon an issue before a jury. I do not think, as a matter of right, the complainant can demand a jury now, after being silent as to that on the original submission. But a careful examination of the pleadings and the voluminous testi-

11

[Mathews v. Forniss.]

mony convinces me that this is a proper case to be tried by a jury—especially when the application is made by either party before the court is called on to enter upon the investigation of the questions of fact at issue. It is, therefore, adjudged, ordered and decreed, that an issue be made up between the parties, setting forth clearly the true questions of fact to be tried." . He then made an order for drawing and summoning a jury to attend at the next term of the Chancery Court, and for procuring the attendance of witnesses. Following is the concluding sentence of his order : "All other questions are reserved." He made no order setting aside the submission. The foregoing orders were made by Chancellor McSpadden of the North-eastern Chancery Division. All subsequent proceedings were had before another chancellor.

It was a recognized feature of equity jurisprudence, alike in England and in this country, that whenever from a conflict of testimony, or where inferences were required to be drawn, the chancellor desired the verdict of a jury on any disputed, material question of fact, it was within his discretion, either with or without the request of counsel, to submit such question to the consideration of a jury. The purpose of such submission, it was sometimes said, was that the judgment of the chancellor might be informed by the jury's finding. It was also sometimes said, that the object was to inform the conscience of the chancellor.—Adams' Eq. 376 ; 1 Sto. Eq. Jur. § 72. The statutes of this State make provision for such practice and such issue.—Code of 1886, §§ 2585 *et seq.* Issues thus ordered, and proceedings under them, are governed by principles essentially different from those which obtain in trials of common-law suits. In their trial, unlike the proceedings in common-law suits proper, no question can be reserved by bill of exceptions for revision in an appellate court. And the finding of the jury is not conclusive upon the judgment or conscience of the chancellor. He may disregard the jury's finding, and render his decree in direct antagonism to it. He may, also, if not satisfied with the finding, re-refer the issue to another jury; and the finding of a second jury is not absolutely controlling with him. Such issue, and the proceedings under it, are not determinative in their nature. They are but aids, to assist the chancellor in forming his judgment, which is, at last, the decree, or judgment in the cause. And when an appeal is taken, error is not assigned to any ruling on the trial before the jury. The revisable questions are those which arise out of the rulings of the chancellor as chancellor.—*Alexander v. Alexander*, 5 Ala. 517; *Atwood v. Smith*, 11 Ala. 894; *Springle v. Shields*, 17 Ala. 295 ; *Barnett v. M. & E. R. R. Co.*, 51 Ala. 555;

*Marshall v. Croom*, 60 Ala. 121; *Adams v. Munter*, 74 Ala. 338.

It is known that, in England, wills devising real estate were not the subject of probate, as they are with us. A devisee acquired such *prima facie* claim to the realty, by virtue of the will itself, if executed according to the forms of law, as that it justified and required the verdict of a jury to determine whether his title or that of the heir was the better. The heir was not without redress. He could contest the legal validity of the will, and was entitled, as of right, to a jury trial on the issue whether the alleged will was in fact the last will and testament of the ancestor. This issue—*devisavit vel non*—was usually raised in an action of ejectment between the heir and the devisee; and the will as the muniment of the latter's title, together with testimony for and against its valid execution, was submitted to the determination of a jury. Thus constituting it part and parcel of the common law, that the heir could not be ousted of his inheritance, except in obedience to the verdict of a jury, if he invoked such trial.

With us the system is radically different. A will, even of real estate, confers no legal rights, until it is probated in the manner prescribed by law. When such will is propounded for probate in the Probate Court, it "may be contested by any persons who, if the testator had died intestate, would have been an heir or distributee of his estate;　.　.　.　.　and thereupon an issue must be made up, under the direction of the court, between the person making the application as plaintiff, and the person contesting the validity of the will as defendant; and such issue must, on application of either party, be tried by a jury."—Code of 1886, § 1989. On the trial of such issue, in the matter of all questions and procedure not otherwise specially provided for, "the court must proceed and be governed by the same rules and regulations, so far as applicable, as prevail in courts of law in civil cases."—Code, § 1994. Under this statutory system, bills of exceptions may be claimed and taken as a matter of right; and on appeal, error may be assigned on the rulings shown in the bill of exceptions, to the same extent, and with the same result, as is appellant's right on appeals from courts of ordinary, common-law jurisdiction.

We have another statutory system for contesting wills, the natural growth of our departure from the English system, without which our system would be incomplete. Section 2000 of the Code of 1886 provides, that "Any person interested in any will, who has not contested the same under the provisions of this article [the contest for which, section 1989, *supra*,

makes provision], may, at any time within five years after the admission of such will to probate in this State, contest the validity of the same by bill in chancery, in the district in which such will was probated, or in a district in which a material defendant resides." "§ 2001. The Chancery Court, in such case, may direct an issue to be tried by a jury, and on the trial before the jury, or hearing before the chancellor, the testimony of the witnesses reduced to writing by the judge of probate, according to section 1982, is evidence to be considered by the chancellor or jury." Under this statute, a bill of exceptions may be reserved, and questions thus presented are revisable in this court.

It is not the duty of the chancellor, *ex mero motu*, to award an issue to be tried by a jury in all cases of a contested will before him; but we need not, and will not say, he has not the power to do so. It is only when a jury is demanded by one of the parties that he is without discretion, and must award the issue.—*Kennedy v. Kennedy*, 2 Ala. 571; *Johnson v. Hainesworth*, 6 Ala. 443.

It is contended for appellee, that the issue awarded in this case was not under the statute last considered, but was simply an order made by the chancellor, in order that his judgment or conscience might be aided by the verdict of a jury, in forming a correct judgment on the contested questions of fact raised by the pleadings and testimony. If this position be well taken, it is neither our duty nor privilege to review the questions raised by the bill of exceptions.

As we have said, Chancellor McSpadden's connection with this case ceased with the decretal order rendered by him June 11, 1887. All proceedings after that, were had before the then chancellor of the South-western Division. He made no order or utterance, declaring or defining the nature of the previous order, referring the issue to a jury. It can not be learned from any thing said or done by him that he regarded the order of submission as made under the section 2001 of the Code, copied above. If any inference can be drawn from the decree made by him, it is that he was inclined to treat the reference as an order made by the chancellor of his own motion, under section 3585 of the Code.

It is shown in a former part of this opinion, that this cause was submitted to the chancellor for decree on the merits, and was so entered of record, at the January term, 1887, with an agreement that the file, together with a note of the testimony, should be forwarded to him at chambers. At this time, not a word was uttered by either party looking to a trial by jury. The chancellor did not err in ruling that the right to demand a

jury had been waived and lost, for certainly, to be availing, such demand must be made before the cause is submitted. Such submission, and a verdict of a jury on the issue, should not be had while the file is in the hands of the chancellor. In the very nature of things, it precedes the judgment and decree of the court. It precedes the submission for decree; for the verdict of the jury, establishing or setting aside the will, if permitted to stand, is the great fact which determines the decree of the chancellor. It takes the place of all the testimony *pro* and *con*, and not only relieves, but prohibits the chancellor from considering any portion of it in forming his judgment. As in trials at common law, the verdict of the jury, if it responds to the issue, is in form, and is permitted to stand, logically and necessarily dominates the judgment and decree of the court, which must follow it. The chancellor, as we have seen, did not set aside the submission, when he made an order referring the issue to a jury; and we hold that the submission was for the aid of his own judgment or conscience under section 3585 of the Code. We consequently disallow the bill of exceptions.

The bill of exceptions being excluded from our consideration, the question is, whether the chancellor erred in dismissing complainant's bill. Many objections were interposed to questions and parts of questions propounded to witnesses, and to answers and parts of answers made by witnesses. Some of these objections and exceptions, we think, were well taken, but we need not consider them in detail. Disallowing all questionable testimony, and considering only that which was clearly legal, we do not hesitate to declare that the proof utterly fails to show that the said George W. Mathews was mentally incapable of making a will. On the contrary, it fully proves that, when he executed the will, and when he executed the deeds, he had ample intellectual ability to perform each of the solemn acts. And, so, we hold that the charge of undue influence in procuring the will to be executed, made against the said Lucy and the said Rebecca E., is utterly unsustained— in fact disproved—by the overwhelming weight of the testimony. Many, very many of the declarations of the testator, made both before and after the execution of the will—made when neither his wife nor the said Rebecca was present—conclusively prove that the will was made in precise accordance with his wishes and intentions. The few expressions of dissatisfaction, testified to have been uttered by him in the absence of his wife and the said Rebecca, even if legal testimony and fully accredited, are so overwhelmingly overborne by the testimony of his continued, oft-expressed purpose to leave his

property to his wife, the said Lucy, that we do not hesitate to declare that the charge of undue influence fails utterly for want of proof.

It is objected by appellant, that the chancellor, after the disposition by the jury of the issue as to the will submitted to them, improperly considered the oral testimony given before the jury, in determining the issue formed as to the due execution of the deeds. Many answers may be made to this objection. *First*, it is not shown that this question was mooted in the court below. If necessary, it might be our duty to presume that this departure from chancery methods of proof was consented to, or acquiesced in by the parties. *Second*, if we exclude the oral proof from our consideration, there still remains ample legal evidence taken by deposition to uphold the chancellor's ruling as to the deeds. *Third*, the legal execution of the will being duly proven and established, it became wholly immaterial whether the deeds were valid or not.—*Dabbs v. Dabbs*, 27 Ala. 646.

A question was raised in the court below, as to which party had the right to open and conclude the argument. Possibly, the conclusion we have reached as to the nature of the submission and the effect of the verdict, renders this inquiry immaterial. Be this as it may, we hold that the chancellor did not err in holding that the proponent of the will was the actor, and the contestant the defendant; the former having the right to open and conclude the argument.—*Hill v. Barge*, 12 Ala. 687; *Lyons v. Campbell*, 88 Ala. 462.

The decree of the chancellor is affirmed.