## *Ex parte* Susan Birchfield.

### *Application for Prohibition.*

*Common law offence of keeping bawdy-house; not repealed.* — Section 3630 of the Revised Code upon *vagrancy*, which makes amenable to its provisions " any person who is a common prostitute, or the keeper of a house of prostitution, and has no honest means of employment," &c., does not repeal the common law offence of keeping a bawdy-house; and the punishment for the latter offence not being " particularly specified " in the Revised Code, the court, on conviction, may properly award the punishment authorized by section 3754 of the Revised Code.

THIS was an application for a writ of prohibition to the judge of the circuit court of Madison. The facts upon which it was based are fully set forth in the opinion.

DAVIS & JONES, for the petitioner. — Section 3630 of Rev. Code fixes the punishment of prostitutes, &c., at not less than

ten, nor more than fifty dollars for the first offence. The statute fixing punishment for the offence, it cannot be punished
as a common law offence. Rev. Code, § 3754 ; 1 Arch. Crim.
Pleading, marg. p. 2. The court, therefore, was without jurisdiction to impose the sentence it did, and prohibition will lie.
25 Ala. 94 ; 34 Ala. 455.

JOHN W. A. SANFORD, Attorney General, *contra.* — Being
a common prostitute is only one element of the offence of
*vagrancy.* Section 3630 of the Code does not define or punish
the keeping of a " bawdy-house." The whole purpose of the
statute is to prevent *vagrancy.* Merely being a prostitute will
not constitute vagrancy ; to have this effect there must be
coupled with it the further fact that she had " no honest employment," &c. This statute, therefore, does not repeal the
common law offence of keeping a " bawdy-house." *Jennings*
v. *Commonwealth,* 17 Pick. 82.

MANNING, J. — The petitioner was indicted and found
guilty of keeping a house of ill-fame, or bawdy-house, for
which the jury assessed against her a fine of two hundred dollars ; and this and the costs of the prosecution not being paid,
the court sentenced her to hard labor for over four hundred
days.

In doing this, it is insisted that the court exceeded its jurisdiction ; that the penalty for this offence is prescribed by
section 3630 of the Revised Code, and is much lighter than
the penalty imposed on her ; and application is thereupon made
for a writ of prohibition to the judge of the court in which
she was tried, to prevent the execution of the sentence against
her.

The prosecution was for an offence punishable by the common law, and was indictable under section 3754 of the Revised
Code, unless the punishment therefor is " particularly specified " in the Code. The only section in which this is supposed
to be done is § 3630, headed " *vagrancy.*"

In this it is enacted, that a person who is a common prostitute, or the keeper of a house of prostitution, *and has no honest employment whereby to maintain herself*, must, on conviction,
for the first offence be fined not less than ten, nor more than
fifty dollars. This evidently does not prohibit a prosecution
for the common law offence of keeping a bawdy-house, or house
of prostitution. If it did, then a person who was in good circumstances, and had money to lend, and was engaged in some
" honest employment *,*" whereby he or she could be maintained,
and was, therefore, the more clearly inexcusable for being con

cerned in such an evil business, might keep a house of ill-fame with impunity. We cannot give to this provision of the Code, an interpretation that would lead to such a conclusion.

Under section 3754 of the Revised Code, a fine not exceeding five hundred dollars may be imposed upon one convicted of the offence with which the indictment charges this petitioner; and if the fine and costs be not paid, imprisonment may be substituted by the court, according to section 3760 of the Revised Code. .

The application for a writ of prohibition is denied.