## Taylor *v.* The State.

### *Indictment for Vagrancy.*

1. *A lewd woman, supported by her parents, is not a vagrant.*—A minor, supported by her parents, who have an honest occupation, can not be convicted of vagrancy, although she may be a lewd woman.

APPEAL from the City Court of Montgomery.
Tried before the Hon. JOHN A. MINNIS.
The facts are contained in the opinion.

WATTS & SONS, and J. B. NETTLES, for appellant.

JOHN W. A. SANFORD, Attorney-General, *contra.*

MANNING, J.—The indictment in this cause, charges that the defendant was "a common prostitute, or keeper of a house of prostitution, and had no honest employment whereby to maintain herself." There was evidence that she was a lewd woman, and also evidence that, if believed by the jury, tended to show that she was a minor, and was sup-

ported by her parents, who had an honest occupation. And the court was requested to instruct the jury, in writing, that· if from the evidence they believed this to be true, they should render a verdict of not guilty: which instruction was refused.

The prosecution is founded upon section 4218 (3630) of the Code of 1876; which relates to offences in the nature of vagrancy, or to the dishonest or demoralizing practices or occupations of those who might as paupers become chargeable upon the community. The last clause in the indictment—that defendant had no honest employment whereby to maintain herself—is taken from the statute, and is an averment that must be substantiated to the satisfaction of the jury, in a prosecution under section 4218. This is intimated in the opinion in *Ex parte Birchfield*, (52 Ala. 377). The court erred in not giving the charge asked for.

Let the judgment be reversed and the cause be remanded; appellant to remain in custody until discharged according to law.