[Tedescki v. Berger.]

# Tedescki *v*. Berger.

*Bill to Abate Nuisance.*

(Decided May 16th 1907. 43 South. 960.)

1. *Nuisance; Public Nuisance; Bawdy House.*—A bawdy house is a public nuisance, which one whose home is adjoining is entitled to abate by injunction.

2. *Landlord and Tenant; Use of Premises; Liability of Landlord.*— A landlord cannot be made liable for the use of the premises in such a way by the tenant as to render the business there conducted a nuisance, where the premises were rented for a business which may be conducted in such a way as not to constitute a nuisance; but if he rents the building for the express purpose of having carried on therein a business which is per se a nuisance, he is liable.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by Felicia Tedescki against Louis Berger and another to abate a nuisance, a bawdy house. From a decree sustaining the demurrers of Louis Berger, this appeal is prosecuted. Reversed and rendered.

E. K. MIDDLETON, and E. H. DRYER, for appellant.— The keeping of a bawdy house or house of prostitution is a common law misdemeanor.—*Ex parte Birchfield,* 52 Ala. 277; 14 Cyc. 485. It is a nuisance per se, as prejudicial to public morals.—*Hundley v. Harrison,* 123 Ala. 292; 16 A. & E. Ency. Law, 937; 1 Wood on Nuisances, §§ 24-27.

A court of equity will enjoin such nuisance at the suit of a person suffering special injury therefrom, and having acquired jurisdiction for the purpose will retain the bill and do complete justice between the parties without remanding them to a court of law to ascertain the damages suffered.—*Whaley v. Wilson,* 112 Ala. 627; *Hundley v. Harrison, supra; Cabbell v. Williams,* 127 Ala.

320; *Richards v. Daubherty,* 133 Ala. 569; *Roberts v. Matthews,* 137 Ala. 523; *Jackson v. Snodgrass,* 140 Ala. 365; *Ingersoll v. Rosseau,* 35 Wash. 92. The averments of the bill are sufficient to connect the landlord with the wrongs complained of so as to justify relief against him by way of permanent injunction and damages.—*Marson v. French,* 61 Tex. 173; *Weakley v. Page,* 46 L. R. A. 552; *Givens v. Van Studdiford,* 72 Mo. 129; *Cahn v. The State,* 110 Ala. 56; 14 Cyc. 489; 9 A. & E. Ency. Law, 527; 18 Id. 244. Attorney's fees are recoverable in this action.—*Jesse-French P. & O. Co. v. Porter,* 134 Ala. 302.

KENNEDY & BALLARD, for appellee.—The landlord is not liable for the use of the demised premises, which becomes a nuisance only by the act of the tenant.—4 Current Law, 850. It is the occupier and not the owner to whom responsibility for the use of the premises attaches generally and prima facie.—*Ahern v. Steel,* 5 L. R. A. 449; *Lee v. McLaughlin,* 26 L. R. A. 197.

SIMPSON, J.—The bill in this case was filed by the appellant against the appellees, and sought to perpetually enjoin the maintaining or continuing of a nuisance, in the shape of a house of prostitution, on the premises adjoining the home of complainant, and also to recover damages on account of the same. In the bill it is alleged that the house in question is owned or controlled by the defendant Berger, that the disorderly house is kept by the defendant Ruby Davis by and with the consent and permission of said Berger, and the riotous and indecent conduct of the inmates and frequenters of said house is described in the bill. The defendants demurred separately to the bill, and a decree was rendered overruling the demurrer of the defendant Davis, and sustaining the demurrer on the part of the defendant Berger. The only amendment necessary to be considered is that filed February 12, 1907, which strikes out all previous amendments, and alleges that Berger, well knowing that the premises were to be used for a bawdy house and for purposes of prostitution, did rent it to be used for such

purposes, in violation of laws and ordinances, and that Ruby Davis, with the knowledge and concurrence of said Berger, has been so using it, and continues so to do, with the knowledge and consent of said Berger, and that, by continuing to permit her so to do, he is aiding and abetting. The court sustained the demurrer of the defendant Berger to the complaint as amended, and this is the decree appeal from.

The question, then, to be decided, is whether or not the allegations of the bill show a liability on the part of the landlord in this form of action. It is settled law that a house of ill fame, or bawdy house, is a public nuisance.—Wood on Nuisances (3d Ed.) p. 49, § 29; 9 Am. & Eng. Ency. Law (2d Ed.) p. 518; *Ex parte Birchfield,* 52 Ala. 377. It is a misdemeanor; and any person who aids or abets in the commission of the offense is liable. While a landlord cannot be made liable for a nuisance committed by his tenant, without co-operation or consent, and while, if he rents a building to be used in a certain business, which may be carried on in such way as not to be a nuisance, by the mere fact that his tenant so conducts it as to constitute a nuisance, yet if he rents a building for the express purpose of having conducted therein a nuisance which is a nuisance per se, he is liable, and must be presumed to have intended the usual results and concomitants of that business.—1 Wood on Nuisances, p. 50, § 30; *Givens v. Van Studiford,* 4 Mo. App. 499, 503, 505; Id., 72 Mo. 129; *Marsan v. French,* 61 Tex. 173, 48 Am. Rep. 272; *Ahern v. Steele,* 115 N. Y. 203, 22 N. E. 193, 5 L. R. A. 449, 450 (column 2) 12 Am. St. Rep. 778; *Cahn v. State,* 110 Ala. 56, 59, 20 South. 380; 1 High on Injunctions (3d Ed.) § 782. Where the nuisance, though public, produces a special or particular injury to an individual, he may proceed in a court of eqity for an injunction and also for damages.—2 Wood on Nuisances (3d Ed.) pp. 1201, 1202, § 819; Id. p. 1160, § 792; *Whaley v. Wilson,* 112 Ala. 627, 631, 20 South. 922. It has been said by this court, in defining a private nuisance, that any establishment "which, from the situation, the inherent qualities of the business, or the manner in which it is con-

ducted, directly causes substantial injury to the property of another, or produces material annoyance and inconvenience to the occupants of adjacent dwellings, rendering them physically uncomfortable, is a nuisance."— *English v. Progress Elec. L. & M. Co.*, 95 Ala. 264, 10 South. 134; *Hundley v. Harrison, et al.*, 123 Ala. 292, 298, 26 South. 294. In another case it is said that "when the nuisance operates to destroy health, or to diminish seriously the comfortable enjoyment of a dwelling house, it is in its nature and consequences productive of irreparable mischief, for which the law can furnish no adequate remedy."—*Ogletree v. McQuaggs, et al.*, 67 Ala. 580, 585, 42 Am. Rep. 112.

The very qualities which have stamped upon the business of keeping a house of ill fame the characteristic of a public nuisance emphasize the fact that to the man whose family residence adjoins such a place it is not only a public nuisance, but a private nuisance of the most offensive kind, rendering his home not only less comfortable, but intolerable, and it necessarily depreciates the value of his property, as it is common knowledge that no one would desire to purchase a home adjoining a house of ill fame. As said by the Supreme Court of Maryland, "it would be strange indeed if, when the court's powers are invoked for the protection and enjoyment of property, * * * its arm should be paralyzed by the mere circumstance that * * * it might incidentally be performing the functions of a moral censor, by suppressing a shocking vice. * * * And if * * * the court may interfere where the physical senses are offended, the comfort of life destroyed, or health impaired, * * * the present complainants, presenting, as they do, a case otherwise entitling them to relief, should not be disappointed merely because the effect of the process will be to protect their families from the moral taint of such an establishment." —*Hamilton v. Whitridge, et al.*, 11 Ind. 128, 147, 148, 69 Am. Dec. 184; *Ingersoll, et al. v. Rousseau*, 76 Pac. 513, 35 Wash. 92; *Weakley v. Page*, 102 Tenn. 178, 53 S. W. 551, 46 L. R. A. 552. A house of ill fame being, as shown, necessarily and intrinsically a public nuisance,

[Tedescki v. Berger.]

and a private one one also, a landlord who rents his premises to one, knowing that it is to be used for such purposes, takes upon himself the responsibility for all the evils which necessarily follow in the train of that business.

It is next insisted that the demurrer was properly sustained because, although the amendment to the complaint, standing alone, might be sufficient to give the bill equity, yet that, inasmuch as the second section of the original bill remained in the bill, the amendment was an alternative averment, and that, unless such alternative averment presented a good case, the bill was demurrable. It will be noticed that said second section not only avers that "Berger owns or has control" of the property, but also that "Ruby Davis keeps and operates a house of prostitution in said premises by and with the permission and consent of said Berger." Without stopping to inquire whether this of itself would not be sufficient, under the cases cited, to bring the defendant Berger within the line of liability, we do not consider the amendment as an alternative averment, but only an amplification and fuller statement of the matters alleged in section 2.

The decree of the court is reversed, and a decree will be here rendered overruling the demurrer of the respondent Louis Berger.

Reversed and rendered.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.