# Tedescki *v.* Burger, *et al.*

### *Bill to Abate Nuisance, and for Damage.*

(Decided June 10, 1909. Rehearing denied June 30, 1909.—50 South. 150.)

1. *Nuisances; Public; Injunction.*—Any person who suffers damages by reason of a public nuisance may maintain a bill to abate or enjoin the same.

2. *Same; Defense.*—The fact that a complainant maintains a similar nuisance near her own premises will not prevent her from maintaining a bill to enjoin a public nuisance.

3. *Same; Public; Knowledge of Defendant.*—The evidence in this case stated and examined and held insufficient to establish that the nuisance was maintained with the knowledge of and concurrence in by one of the defendants.

4. *Same; Variance.*—Where the bill sought to enjoin two defendants from maintaining a public nuisance, and the proof failed to establish the allegation of knowledge on the part of one defendant, or his consent to the maintenance of the nuisance, the variance was fatal to the whole bill, and the bill should have been dismissed without prejudice.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

[Tedescki v. Burger, et al.]

Bill by Felicia Tedescki against Louis Burger and another to restrain a nuisance and for damages. From a decree dismissing the bill unconditionally complainant appeals. Corrected, and as corrected, affirmed.

D. K. MIDDLETON, and E. H. DRYER, for appellant. The bill was sufficient to entitle complainant to relief against both respondents upon proof of its averment.— *Tedescki v. Burger,* 43 South. 960; *Barnett v. Tedescki,* 45 South. 904. Public iniquity cannot be set off against public iniquity.—2 Pom. Eq. sec. 941. The nuisance was a public one.—*Robinson v. Baugh,* 31 Mich. 289.

KENNEDY & BALLARD, for appellee. The fact that complainant maintains a similar nuisance was a good defense, for he that hath committed iniquity cannot have equity.—16 Cyc. 144; *Cassidy v. Cavanor,* 37 Ia. 300; *Carter v. Winslow,* 38 Vt. 691. The allegations and the proof did not correspond.—*Alston v. Marshall,* 112 Ala. 641.

MAYFIELD, J.—This is the second appeal in this case. The allegations of the original and amended bills are sufficiently shown in the former report.—See 150 Ala. 649, 43 South. 960, 11 L. R. A. (N. S.) 1060. That decision, and a more recent one in the case of the same complainant against Barnett (154 Ala. 474, 45 South. 904), fully and we think correctly settled all the equities of this bill, and settled them in favor of the contention of appellee, complainant in the court below. After the former decision in this cause, wherein the decree was reversed upon the rulings of the chancellor upon the demurrers of the respondent Burger to the bill, each of the respondents answered the bill separately, denying most of its material allegations. A number of witnesses were examin-

ed, both by the complainant and by the rspondents, and the case was submitted for final decree upon the amended bill, answers, and the testimony of witnesses, as shown by the register's note of testimony. The chancellor rendered a final decree, dismissing the bill absolutely and unconditionally, at the costs of the complainant, from which decree the complainant appeals.

This final decree is not accompanied by any opinion of the chancellor. Consequently the record does not inform us upon what ground or for what cause the bill was dismissed finally. We fully agree and concur with the chancellor that as against the respondent Burger the complainant was not entitled to relief, because of the insufficiency, if not entire failure, of the proof to support the averments of the bill, which averments this court held, on a former decision, unquestionably gave it equity as against said Burger. As against the respondent Ruby Davis, however, while we do not think that there was such failure of proof, we are of the opinion that there was such a variance as to prevent the relief prayed. Had the complainant amended her bill, as she had a right to do, by striking out the part thereof directed against the respondent Burger, we think she would have been entitled to relief, notwithstanding the fact that the evidence may show that she maintained or allowed a similar nuisance as near her own residence and property as that alleged to have been carried on by these respondents. This was a public nuisance, and any person suffering damages thereby might have maintained an action to abate or enjoin; nor would the wrongs of the complainant have prevented the injunction of a public nuisance. But in this cause, on account of the variance between the allegations and the proof, no relief could be granted as against either of respondents, and the bill was, therefore, properly dismissed, but should have been dismissed without prejudice.

As was said by this court in a former opinion, section 2 of the original bill averred, not only that Burger owned or had control of the property, but also that Ruby Davis kept and operated a house of prostitution in said premises by and with the permission and consent of said Burger. It was clearly proved that Burger owned and controlled the property; but we do not think that it was shown by the proof that the house of prostitution alleged was kept with the permission and consent of Burger. After a demurrer was sustained to the original bill, the complainant amended her bill by adding at the end of the second paragraph an amendment, which alleged, first, that, if complainant was mistaken in the allegations of paragraph 2 of the bill, she states and she shows that the said Louis Burger and Ruby Davis maintained and operated the disorderly house described in the second paragraph; and, second, if mistaken in that they operated the house jointly, she alleges that Burger is the landlord of Ruby Davis, and knowingly permitted and permits the premises to be used as a bawdy house, or for the purposes of prostitution; and, third, if mistaken in that, that the respondents did keep a disorderly, public, and ill-governed house, etc.; and, fourth, if mistaken in that, that the said Burger, well knowing that Ruby Davis was a prostitute, and knowing that the premises were kept by the said Ruby Davis for the purposes of prostitution did lease or let the same to the said Ruby Davis as a bawdy house and for public prostitution, etc. Consequently every allegation as to the maintaining or keeping of the house of prostitution was clearly and distinctly to the effect that it was maintained and kept by the respondent Ruby Davis with the knowledge and consent of respondent Burger, or that it was maintained and kept by them jointly, or that he, as landlord, leased or let the same to Ruby Davis for a bawdy house and for

the purpose of prostitution. We are of the opinion that the evidence entirely fails as to the proof of either one of these allegations. We think, however, that it does show that such house was maintained and kept by the said Ruby Davis alone, and without the knowledge or consent of the respondent Burger. The only evidence appearing against Burger is the mere presumption that a landlord knows, or ought to know, what is being carried on upon his own premises. Such knowledge, however, was expressly denied by both of the respondents. There is also evidence that Burger was on the premises while they were so occupied by Ruby Davis; but it is not shown that he saw or knew of any facts sufficient to put him upon notice of the use to which the premises were being put. His presence there on these occasions was explained by him; such explanation being accompanied by an express denial that he had any knowledge or notice of such use. It is also shown by the proof that, while he was the owner of the premises, the lease or letting was made, not by him, but by real estate agents. It is true that the witness Burger himself, in answer to a question propounded by his solicitor as to what was the character of tenants that occupied the lot in which complainant's property was located on the 1st of February, 1906, answered that "the whole block was prostitutes, except the complainant's family." It clearly appears, however, that the question was directed toward the character of other houses than that of the respondent, and especially toward those owned or leased by the complainant, and, further, that it was as to the character of the block on the 1st of February, 1906, while the bill in this cause was not filed until October 15, 1906, and by complainant's own evidence it was shown that Ruby Davis only occupied the premises or used them as a house of prostitution three or four months before the filing of

[Tedescki v. Burger, et al.]

the bill. We cannot agree with counsel for appellant that this is sufficient to establish Burger's full knowledge of and concurrence in the purposes and use to which the house was devoted by Ruby Davis.

There was an attempt by the complainant to prove knowledge or consent on the part of Burger by admissions that he did have such knowledge or gave such consent. In this the evidence also fails. The most, if not all, that these admissions could be said to prove, was that Burger had told certain parties that he had instructed his agent to get the occupants out of his house, that the agent rented the property and that as soon as he (Burger) discovered that the tenants were loose characters he forced them to move. This is far from proving the allegations of knowledge of or consent to the use of the house for the purposes of prostitution. On the contrary, it rather tends to disprove them. We think, for these reasons, there was an entire variance between the allegations and the proof, in which case no relief can be granted. The variance, also, as we have shown, is as to material allegations. Therefore, in such cases, where there is a fatal variance, the bill should be dismissed; but this should be done without prejudice.

The decree of the chancery court is here corrected, so that the bill is dismissed without prejudice to the rights of the complainant. As thus corrected, the decree is affirmed.—*Munchus v. Harris,* 69 Ala. 506; *Cameron v. Abbott,* 30 Ala. 416.

Corrected and affirmed.

SIMPSON, ANDERSON, and DENSON, JJ., concur.