# Adams *v.* Munter & Brother.

*Creditor's Bill in Equity to set aside Judgment as Fraudulent.*

1. *Issues out of chancery; when ordered.*—Under the statutory provisions relating to issues out of chancery, and declaring that the court "must direct an issue to be made up whenever it is necessary for any fact to be tried by a jury" (Code, § 3890), although there may be cases in which, the evidence being plain and clear, it might be a reversible error for the chancellor to order the issue to be submitted to a jury, the question must necessarily be submitted to his discretion, when the evidence is indeterminate, or conflicting; and where the record shows that "the plaintiff's right of recovery depended largely on inferences to be drawn from suspicious circumstances, against positive testimony to the contrary," this court can not say that he erred in submitting the question of fact to a jury.

2. *Same; objections to verdict, and decree non obstante.*—When the finding of the jury is based on illegal or insufficient evidence, or on improper rulings by the presiding judge, the chancellor may disregard it;

[Adams v. Munter & Brother.]

and he may award a *venire de novo*, with more specific instructions, if he chooses to give them; but, when no certified exceptions are brought before him, and the record does not show what evidence was adduced on the trial before the jury, this court can not declare that the complainant was entitled to a decree *non obstante veredicto*, because the finding of the jury is not sustained by the depositions on file in the cause.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. JNO. A. FOSTER.

The bill in this case was filed on the 2d July, 1879, by J. R. Adams, as a simple-contract creditor of Munter & Brother, a mercantile partnership doing business in the city of Montgomery, against the said Munter & Brother, individually and as partners, and against J. Abraham & Brother, another mercantile firm in Montgomery; and sought to set aside, on the ground of fraud, a judgment which Munter & Brother had confessed in favor of said Abraham & Brother, and to condemn in the hands of Abraham & Brother moneys which they had collected under execution on said judgment. The judgment in favor of Abraham & Brother was for $1,581, and was confessed on the 19th December, 1878. The complainant's debt was for a balance due on account of money loaned, for which he had held the note of Munter & Brother, indorsed by Abraham & Brother; which note he surrendered to Munter, on the 2d December, 1878, and took his check on the Planters' and Merchants' Bank for $600, payment of which was refused on the ground that the drawer had no funds. The bill alleged that Munter & Brother were at that time insolvent, and were known to be so by said Abraham & Brother; and that the judgment in favor of the latter was without consideration in fact, and was confessed with the intention and purpose, on the part of both Munter & Brother and Abraham & Brother, of defrauding the creditors of the former, and particularly the complainant. An answer was filed by J. Abraham, denying the charges of fraud, and insisting on the validity of his judgment; and on his death pending the suit, the cause was revived against his administrator. An answer was also filed by Munter & Brother, denying the charges and allegations of fraud, but admitting their insolvency at the time the judgment was confessed.

The cause being submitted for decree, on the pleadings and proof, and on exceptions to the testimony, as noted by the register, the chancellor rendered an interlocutory decree, as follows: "On consideration, it appearing to the court that this cause depends very largely, if not entirely, upon a question of fact, which should be tried by a jury, it is ordered that an issue of fact be made up between the complainants (?), to be tried by a jury; and that the trial of such issue be sent to the Circuit

Court of Montgomery county for determination, or verdict by a jury, under the direction and instruction of said Circuit Court; upon the trial of which issue, the said court will submit to the jury like evidence as in a suit at law, and such parts (or the whole) of the pleadings and proceedings in this cause, and the depositions of the witnesses on file, as may be pertinent to the said issue and legally admissible; and the admission of such depositions shall not prevent the attendance and examination in person of the said witnesses, or of the said parties to this suit or any of them. . . And it is further ordered that the issue, so to be submitted and tried under the direction and instruction of said Circuit Court, shall be as follows: Was the debt upon which said Munter & Brother confessed judgment in the Circuit Court of Montgomery, as described in the pleadings, a simulated debt, or was it a *bona fide* subsisting indebtedness at the time the confession of judgment was made."

The proceedings had on the trial in the Circuit Court are not set out in the record, and are only referred to in the final decree, which is in these words: " This cause was submitted for decree on the pleadings and proof, as shown by the note of the testimony, at the April term, 1881, when an order was made sending an issue of fact to be tried by a jury in the Circuit Court; and now the cause comes on further to be heard upon such submission, the verdict and proceedings in said Circuit Court having been certified to this court, and made a part of the proceedings in this cause. And on further consideration, it appearing from the said verdict of the jury that the debt upon which said judgment was confessed was not simulated, but was a *bona fide* subsisting one, and thereupon it appearing to the court that such confession of judgment was not fraudulent and void; it is ordered, adjudged and decreed, that the bill of complaint in this cause be, and the same is hereby, dismissed out of this court."

The interlocutory order submitting the issue of fact to a jury, and the final decree dismissing the bill, are now assigned as error.

GUNTER & BLAKEY, for the appellant.—The chancellor ought not to have submitted the decision of the case to a jury, but should himself have determined the law applicable to the facts proved, and pronounced the conclusion which the law draws from the undisputed facts. The case was prepared for final hearing, and was submitted for decree on the pleadings and proof. The chancellor was the court appointed by law to decide the case, and the evidence was all before him. A stronger case of fraud was never made out, and he had but to apply legal principles and presumptions to the undisputed facts. As

[Adams v. Munter & Brother.]

to the facts on which the complainant relied as establishing fraud, there was no conflict in the evidence; and the legal principles applicable to these facts were well established. *Hubbard v. Allen,* 59 Ala. 283; *Harrell v. Mitchell,* 61 Ala. 270; *Hamilton v. Blackwell,* 60 Ala. 545; Bump on Fraud. Conv. 50–51; *Lincoln v. Claflin,* 7 Wall. 132; *Borland v. Mayo,* 8 Ala. 112. There being no conflict in the evidence as to the facts showing fraud, it was the duty of the chancellor to draw the necessary conclusion, instead of remitting the complainant to the uncertain verdict of a jury. From his decision, if adverse, the complainant would have had a right of appeal to this court; and the reference to the jury, in effect, deprived him of this right, since the decree is founded on the verdict. The submission of the issue to the jury has the further effect of enlarging the note of the testimony on which the cause was submitted, and thereby giving an undue advantage to a party whose conscience is elastic. It is submitted that the chancellor should himself have decided the issue presented, and should have rendered a decree for the complainant *non obstante veredicto.*— *Whalley v. Whalley,* 3 Bligh, P. C. 16; *Bovitt v. Hitchcock,* 3 Law Rep., Chan. Ap. 419; 2 Dan. Ch. Pr. 1072, and notes, 4th ed.; *Atwood v. Smith,* 11 Ala. 911; *Kennedy v. Kennedy,* 2 Ala. 625; *Pryor v. Adams,* 1 Amer. Dec., 533, and note.

SAYRE & GRAVES, *contra.*—An issue of fact for the decision of a jury is only intended to satisfy the mind and conscience of the chancellor, and is not conclusive on him; nor is the verdict conclusive on the parties, when properly presented for revision.—*Anon.,* 35 Ala. 229, and cases cited; 2 Dan. Ch. Pr. 1120. The question of fraud *vel non,* as presented by the pleadings, was eminently proper for the decision of a jury; and the record presents no *data* for reviewing their verdict.

STONE, J—Section 3890 of the Code of 1876 provides, that "whenever it is necessary for any fact to be tried by a jury, the court must direct an issue to be made up, setting forth clearly the true fact to be tried; and such issue must be tried before the chancellor, or may be sent to the Circuit Court in the district for trial," &c. Section 3891 is in these words: "Such issue must be tried upon the like evidence as a suit at law, together with such parts of the bill, answers, depositions, and other proceedings in the cause, as the court may order."

These sections relate to issues out of chancery. They declare by statute what had long been known as a well recognized rule in chancery proceedings. The principle on which it rests is, that in doubtful or controverted questions of fact, requiring

[Adams v. Munter & Brother.]

inferences to be drawn from indeterminate premises, or where the testimony is in irreconcilable conflict, the mind of the chancellor is left in doubt. The verdict of a jury, in such case, instructs the conscience of the chancellor, and enables him to arrive at a more satisfactory conclusion.—1 Brick. Dig. 735, § 1421. We will not say there may not be cases, many cases, where the testimony is so plain and clear, that it would be a reversible error for the chancellor to order an issue to be tried by a jury. In such cases, it would not "be *necessary* for any fact to be tried by a jury," and the case would not fall either within the rule or the statute. The expense and delay consequent on such reference forbid that it should be resorted to unnecessarily. Few cases come before us, in which this practice has been resorted to, and we feel safe in affirming that the chancellors exercise this function of the court sparingly. When there is an issue of *devisavit vel non*, a trial by jury may be demanded, as matter of right.—1 Brick. Dig. 735, § 1422.

When the testimony is indeterminate, or conflicting, who is to determine when it becomes "necessary for any fact to be tried by a jury?" It would seem, on principle, that this question must necessarily be submitted to the discretion of the chancellor. He is charged with the ascertainment of the facts, and he, of necessity, must determine the inquiry, whether his judgment and conscience are so clearly convinced, that he does not need the finding of a jury. The exercise of such discretionary power by the chancellor, can not be the subject of review in an appellate court.—*Anonymous*, 35 Ala. 226; *Dale v. Roosevelt*, 6 Johns. Ch. 255; *Tappan v. Evans*, 11 N. H. 311; *Bassett v. Johnson*, 2 Gr. Ch. 417; *Black v. Shreve*, 13 N. J. Eq. 454, 478; 2 Dan. Ch. Pr. 1110, n. 3. Applying this principle to this case, we feel bound to affirm that the complainant's right of recovery depended largely on inferences to be drawn from circumstances of suspicion, against positive testimony to the contrary. We can not say this case falls without the chancellor's discretionary power, to order the disputed question of fact to be tried by a jury.

2. It is contended, in the next place, that the chancellor should have decreed for complainant, *veredicto non obstante*. This contention is based alone on the depositions found in the record. But how can we know, or presume, that the issue before the jury was tried on that evidence alone? The statute directs that "such issue must be tried upon the like evidence as a suit at law," together with the proof furnished by the chancery file, as the chancellor may order. How, in the state of this record, are we to know what oral evidence was or was not given before the jury? In the absence of record proof to the contrary, we must presume that all was rightfully and law-

[Toon v. Finney.]

fully done in the court below. If the appellant was dissatisfied with the conduct of the trial of the issue in the Circuit Court, he should have had the particulars wherein he supposed himself injured by the rulings on that trial, certified by the presiding judge, and thus made that certificate, or the certified exceptions, the basis of a motion for relief before the chancellor. The chancellor had power to award a *venire de novo*, with more specific directions, if he chose to give them; or to disregard the finding of the jury, as based on illegal or insufficient testimony, or improper rulings by the presiding judge.—*Alexander v. Alexander*, 5 Ala. 517. In *Fitzhugh v. Fitzhugh*, 11 Gratt. 210, the principle is declared, that "upon an issue directed out of chancery, the verdict of the jury is conclusive, where there is no exception spreading the facts proved upon the record." The same principle is declared in *Dodge v. Griswold*, 12 N. H. 573. See, also, *Lansing v. Russell*, 13 Barb. 510.

There is nothing in the present record to show any improper ruling in the Circuit Court; nothing to show what additional testimony was before the jury, and no motion for a new trial was made in the court below. We feel bound to presume the verdict was sustained by sufficient evidence.

The decree of the chancellor is affirmed.