# Rice & Wilson v. Tobias.

*Bill in Equity for Injunction against Judgment at Law.*

1. *Issue of fact for trial by jury.*—Except on an issue of *devisavit rel non*, where a trial by jury may be demanded as matter of right (Code, §§ 2337, 3890), it is premature and erroneous for the chancellor to order an issue of fact to be tried by a jury before any testimony has been taken, since he can not know that a necessity for an issue will arise; nor can he consider the bill and answer as evidence showing the necessity for such issue, unless they are offered in evidence, and properly noted by the register.

[Rice & Wilson v. Tobias.]

2. *Injunction against judgment at law.*—A court of equity will not enjoin a judgment at law, because the defendant therein was not served with process, unless he also avers and shows that he had a good and meritorious defense.

3. *Dissolution of injunction on answer.*—When the equity of the bill rests on the allegation of two distinct facts, one of which is denied by the answer, the injunction should be dissolved on motion; but, in dissolving it, the chancellor may (Code, § 3878) require a refunding bond from the defendant.

APPEAL from the City Court of Montgomery, in equity. Heard before the Hon. THOS. M. ARRINGTON.

E. P. MORRISSETT, for the appellants.—(1.) The equity of the bill rested on its allegation of two distinct facts, one of which was positively denied in the answer; and this denial leaving it without equity, the injunction ought to have been dissolved.—*Rogers v. Bradford*, 29 Ala. 474; *Brooks v. Diaz*, 35 Ala. 597; *Weems v. Weems*, 73 Ala. 462; *Hogan v. Br. Bank*, 10 Ala. 485. (2.) The order for a trial by jury was unauthorized and erroneous.—*Adams v. Munter*, 74 Ala. 341; *Johnston's Adm'r v. Hainesworth*, 6 Ala. 451; *Atwood v. Smith*, 11 Ala. 911.

RICE & WILEY, *contra.*—The order for an issue to be tried by a jury was proper, in view of the conflicting averments of the bill and answer; and it was matter of discretion with the court. The only remedy was a motion for a new trial. *Barnett v. M. & E. Railway Co.*, 51 Ala. 557.

SOMERVILLE, J.—The bill is one in the nature of a bill for a new trial, to enjoin a judgment at law recovered by the appellants, Rice & Wilson, against the appellee, Tobias, and one Matthews. It avers two material facts, upon the truth of which the equity of the bill depends: (1) that the judgment was obtained by default, without the service of any process on the complainant, who was defendant in the judgment; (2) that the debt, upon which the judgment was rendered, had been discharged by release, prior to the recovery. The chancellor overruled a motion to dissolve the injunction, based on the denials of the answer. He also referred to a jury the determination of the two foregoing issues of fact, as to the service of process and the alleged release of the debt; and upon these issues being determined in favor of the complainant, he decreed the perpetuation of the injunction.

[Rice & Wilson v. Tobias.]

The cause was tried in April, 1886, when section 3890 of the Code of 1876, regulating the trial by jury of issues of fact out of Chancery Courts, was in full force, and prior to its modification as now appearing in the present Code of 1886, § 3585, which did not go into effect until December 25th, 1887. The reference was made before any testimony whatever was taken in the cause.

This, we think, was error. Except in issues of *devisavit vel non*, where a trial by jury may be demanded as matter of right, the statute, at the time of the reference, did not authorize such a proceeding, unless the proof was all in, and, being properly noted, was so conflicting as to make it difficult to attain any certain conclusion. When this is so, the purpose of the reference being to enlighten the conscience of the chancellor, he is allowed the utmost discretion in making or refusing it.—*Adams v. Munter*, 74 Ala. 338; *Kennedy v. Kennedy*, 2 Ala. 571. In *Johnson v. Hainesworth*, 6 Ala. 443, where this question is discussed, it was said: "Until the testimony is taken, it can not be known whether any conflict will arise, so as to make it necessary to refer the decision to a jury, and it is premature to direct one previously." The statute then, as under the Code of 1876, authorized an issue of fact to be tried when "necessary," as under the old English rule of chancery practice. Such a reference, as said in Adams' Equity, p. 376, can only be made, "where the evidence creates a doubt, and not as a substitute for omitted evidence; and, therefore, the party claiming the issue must first prove his case by regular depositions." See, also, 3 Greenl. Ev., § 261.

The chancellor had no right to look to the sworn statements of the bill and answer as evidence to determine this question, unless they were offered in evidence, and properly noted by the register, in accordance with Rule No. 77 of Chancery Practice.—*Goodloe v. Dean*, 81 Ala. 479; *Mahone v. Williams*, 39 Ala. 202.

Whether the reference could be sustained under section 3585 of the present Code of 1886, we do not decide, as that section was not in force at the time of the trial.

It is insisted, moreover, that the chancellor erred in not dissolving the injunction on the denials of the answer. The answer of the defendants very explicitly denies, upon knowledge, the release of the debt—the only defense urged. If the debt was not released, the bill would have no equity; because the want of service alone, in the absence of a good

and meritorious defense to the debt, would not authorize the intervention of a court of chancery by the process of injunction. Such a bill, to have equity, must aver both a want of service, and a good defense.—*Dunklin v. Wilson*, 64 Ala. 162; *Beadle v. Graham*, 66 Ala. 102; *Crommelin v. McCauley*, 67 Ala. 542.

It was long ago settled by this court, that when the answer to a bill, to enjoin the collection of a judgment or execution at law, so far denies the allegations of the bill, as to leave it without equity as respects the other facts not denied, the injunction may be dissolved on the answer, and this would not be error.—*Rogers v. Bradford*, 29 Ala. 474. The same rule is said by Mr. High to prevail in cases of this kind, as in others, and the injunction will, in general, be dissolved on the filing of an answer denying the equity of the bill.—1 High on Inj., § 162. The case is not one for the retention of the injunction to prevent irreparable damage, as in waste, trespass to land, and other like instances.—*Chambers v. Ala. Iron Co.*, 67 Ala. 353; *Bibb v. Shackelford*, 38 Ala. 611. The chancellor had it in his power, on dissolving the injunction, to require of the defendant a refunding bond, under the provisions of section 3878 of the Code (1876), which would have been amply sufficient to protect the complainant from all damages in the event of his final success in the suit.—*Barnard v. Davis*, 54 Ala. 565; *Robertson v. Walker*, 51 Ala. 486; Code, 1886, § 3531.

Under this principle, the injunction should have been dissolved, upon the giving of the proper refunding bond by the appellants.

The decree is reversed, and the cause remanded, that proceedings may be taken in accordance with this opinion.