[Alabama, Tenn. & Northern Ry. Co. v. Aliceville Lumber Co., et al.]

# Alabama, Tenn. & Northern Ry. Co. *v.* Aliceville Lumber Co., *et al.*

### Bill to Enjoin Action at Law.

(Decided December 21, 1916.   Rehearing denied February 1, 1917.
74 South. 441.)

1. **Equity; Jurisdiction; Effect of Cross-Bill.**—Defendants who by filing cross-bills become plaintiffs submit themselves to the jurisdiction of the chancery court.

2. **Equity; Jurisdiction; Estoppel to Question.**—Since, once having assumed jurisdiction, a court of equity will proceed to full adjudication of all issues presented by pleading and evidence, where complainant filed its bill to restrain prosecution of two actions against it, it could not question jurisdiction of the court to render decree determining complainant's rights in the other actions.

3. **Equity; Jury Trials; Right.**—Code 1876, section 3890, as to jury trials in equity cases, has been essentially changed by Code 1907, section 3201, and decisions under the former statute have no application, but under sections 3201, 3202, the court may submit an issue to a special jury in chancery, or certify an issue to the circuit court for trial.

4. **Equity; Jury Trials; Right.**—Where jury trial in equity is not a matter of right, but only to aid the chancellor, he has the utmost discretion to determine whether an issue shall be submitted to a jury.

5. **Equity; Jury Trials; Effect of Verdict.**—The chancellor or court of equity, which submits an issue to a jury, has revisory power over the jury's verdict.

6. **Appeal and Error; Scope of Review; Equity Cases; Jury Trials; Record.**—In an equity case, where the chancellor submits an issue of fact to the jury as a matter of right, whose finding he incorporates in his decree, the court on appeal may consider exceptions, when certified, to procedure at the jury trial or before the chancellor, although Code 1907, section 5955, requires a trial de novo on appeal, since it could not otherwise say whether the verdict was proper, and to deny such right would be a denial of right of appeal given by section 5955.

7. **Appeal and Error; Scope of Review; Resort to Record.**—If, on appeal, there is uncertainty as to what was decided, resort may be had to the pleadings and the opinion of the court.

APPEAL from Pickens Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by the Alabama, Tennessee and Northern Railway Company against the Aliceville Lumber Company and others, to enjoin actions at law, with cross-bill by respondent. From a final decree for respondents complainant appeals. Affirmed.

The final decree directed to be set out is as follows:

There are two systems under which an issue is had out of chancery. One given by statute, as in cases of contested wills, which is a matter of right to have such an issue (section 6207, Code 1907) ; the other where the court read the evidence and wishing the aid of the verdict of the jury to satisfy the mind and conscience of the chancellor (section 3201, Code 1907; *Ex parte Colvert,* 188 Ala. 650, 65 South. 964). The two seem to be distinguishable in several particulars. In the first, it is a matter of right, and is ordered before evidence has been taken in the chancery cause, and the finding is binding, but may be set aside for error in the trial.—*Adams v. Munter Bros.,* 74 Ala. 342; *Ex parte Colvert, supra.* In the second, where the reference is made by the chancellor after having read the evidence already taken, to aid and assist him in arriving at a conclusion on a doubtful question of fact. In this class of cases the verdict is merely advisory.—Section 3201, Code 1907, and citations; *Marshall v. Croom,* 60 Ala. 121; *Adams v. Munter Bros., supra; Mathews v. Forniss,* 91 Ala. 157, 8 South. 661. The question referred to the jury in this case was whether or not a fire which destroyed a certain mill was caused by the locomotive of complainant, through the negligence of complainant, etc., and the value of the property which was destroyed, all of which was more particularly shown by the decree ordering the issue to be tried by a jury. This court does not sit as a court of review, as I understand the authorities, charged with the duty to refer the case back to the jury should a single erroneous question and answer have been allowed on the trial, but the question presented is whether such an unfair trial was had that the court should disregard the finding entirely. For the court to do this the entire evidence should have been certified to it with such objections pointed out as show that the finding of the jury was so opposed to the evidence as to be worthless as a guide to the chancellor.— Authorities supra. This has not been done. They seem to rely on supporting their motion on objections to evidence without showing what was the ruling of the lower court. This court must presume in favor of the lower court and not against it. It must be shown, not that certain irrelevant and immaterial or illegal evidence is offered or even admitted, but that the finding of the jury from the legal evidence before it was erroneous, unfair, and not such as could be arrived at by a fair-minded

[Alabama, Tenn. & Northern Ry. Co. v. Aliceville Lumber Co., et al.]

juryman.   There is nothing in this record to show this, or to show that the jury was influenced by the admission of illegal or irrelevant evidence.   An examination of the testimony taken by depositions in this cause before the issue was referred to the jury leads the chancellor to the same conclusion as that arrived at by the jury from the evidence before it.   The chancellor is then justified in arriving at the conclusion that the finding of the jury was fairly obtained, and should not disregard it.   This, I take it, is what is intended by the authorities when they use the expression, "instructs the conscience of the chancellor and enables him to arrive at a more satisfactory conclusion."   Upon consideration of the motion and evidence to set aside the finding of the jury, and on the pleadings and proof as noted, I am satisfied that the finding of the jury should be accepted by the chancellor, and a motion for a re-reference to the jury should be denied.   I am also of opinion, upon consideration of this finding of the jury, and of all the evidence submitted on the hearing the cross-complainants are entitled to relief.   It is therefore ordered, adjudged, and decreed by the court that the motion of complainant to set aside the verdict of the jury be and is hereby denied; that the property at the time of its destruction belonged to A. S. Murphy and Jos. B. Cunningham; that the fire destroying the lumber mill, machinery, products, etc., was caused by the negligence of defendant, complainant in this case, the Alabama, Tennessee & Northern Railway Company, a corporation.

Then follows the valuation as set out in the opinion, and an order forever enjoining defendants, the Aliceville Lumber & Construction Company, a corporation, and the Aliceville Lumber Company, a partnership, from instituting or carrying on any suit against complainant for the recovery of any damages by reason of the destruction or damage of the property described in the pleadings in this case, which was caused by a fire which occurred on October 10, 1909.

OLIVER, VERNER & RICE, HARWOOD, McKINLEY, McQUEEN & ALDRIDGE, WILLIAM H. AMBRECHT and GREGORY L. SMITH & SON for appellant.   PATTON & PATTON and H. A. & D. K. JONES for appellee.

THOMAS, J.—In the latter part of the night of October 9, or early in the morning of October 10, 1909, the property involved

in this suit was destroyed by fire. It consisted of a sawmill, plant, machinery, lumber, etc., situated near the railroad and depot of the Alabama, Tennessee & Northern Railway Company, in the town of Aliceville, Pickens county, Ala. At this time this property was in the possession of Joseph B. Cunningham and Andrew S. Murphy, partners doing business under the name of Aliceville Lumber Company, who claimed the same, and claimed to have been operating the plant on their partnership account. This milling business was originally established by the Aliceville Lumber & Construction Company, a corporation, about the 1st day of January, 1906. Soon after its incorporation said Cunningham and Murphy purchased the interests of most of the other persons interested in sail corporation, and from that time invested additional amounts in said business, operating it to the time of its destruction under the name of Aliceville Lumber Company, without the participation of other stockholders. Though there had been no meeting of the directors nor of the stockholders since the corporation was organized, it had never been dissolved as provided by law. The individuals, said Cunningham and Murphy, owned the land on which the mill was situated. The contract under which the corporation originally entered thereon provided that the lumber company should have the use of said land as long as it desired to use the same as a mill site, without the payment of rents, and without other consideration than, that upon its ceasing to use the land the improvements thereon should remain as the property of said individual owners.

On the 13th day of April, 1910, there were instituted in the circuit court of said county two suits against the Alabama, Tennessee & Northern Railway Company, for the recovery of damages for the destruction of said property by fire. Both suits were in all respects alike, except that in the one the parties plaintiff were Joseph B. Cunningham and Andrew S. Murphy, partners, and in the other the sole party plaintiff was Aliceville Lumber & Construction Company, a corporation. In each case the defendant propounded to the adverse party interrogatories under the statute; and answers to said interrogatories, on behalf of the plaintiffs, were made by Joseph B. Cunningham, and were to the effect that the property destroyed by fire was claimed in one suit as that of Cunningham and Murphy as individuals, and in the other suit, as that of Aliceville Lumber Company, a corporation.

.[Alabama, Tenn. & Northern Ry. Co. v. Aliceville Lumber Co., et al.]

On the 5th day of May, 1911, the defendant, Alabama, Tennessee & Northern Railway Company, filed its original bill in the chancery court of said county, invoking the jurisdiction of that court to prevent a multiplicity of suits and to protect complainant against vexatious and oppressive litigation at the hands of the respective plaintiffs in said suits. At the time of the filing of this bill, the complainant company obtained writs of temporary injunction, restraining the respective respondents, Cunningham and Murphy, doing business under the firm name of Aliceville Lumber Company, and the Aliceville Lumber & Construction Company, a corporation, from prosecuting said suits at law, pending the determination of the causes in chancery.

On the 3d day of June respondents demurred to this original bill, and on the 14th day of July, 1911, moved a dissolution of the injunction on the ground that there was no equity in the bill. After the demurrers were .overruled and the motion to dissolve was denied, the said respondents, on the 27th day of December, 1911, filed in said cases separate answers, and demanded a trial by jury of the issues of fact: (1) Whether the fire which consumed the properties in question was caused by, or originated through, the negligence of the complainant, its servants or agents; and (2) whether the complainant is liable for the destruction of said property by fire. Thereafter complainant and respondents took testimony by depositions. This testimony is now set out,. occupying about 200 pages of the record. At the Spring term of the chancery court (March 27, 1913) said testimony was duly published by order of the court. The case was submitted on pleadings and proof and on respondents' motion and demand that the questions or issues above indicated be tried by jury, in either the chancery or the circuit court of said county, as set out in respondents' respective answers. Upon the submission on the pleadings and the proof and on said motion, the court, on the 27th day of June, 1913, rendered a decree wherein it was adjudged that the chancery court, having assumed jurisdiction of the subject-matter on the grounds set out in the original bill, would proceed to the full and final adjudication of the entire case; that on the evidence but one recovery could be had; that the question of fact was one of doubt; and that the questions of fact should be decided by a jury. This decree of the chancellor holding it proper to refer said issues of fact to a jury for determination, is, in part, as follows:

"It is therefore ordered, adjudged, and decreed by the court that the following issues be and they are hereby referred and certified to the circuit court of Pickens county, Ala., to be tried by a jury, and the result of the trial to be by the clerk of said court certified to this court, that is:

"(1) Whether or not the fire which destroyed the mill, its machinery and lumber, at or near Aliceville, on the night of, to-wit, the 10th day of October, 1909, which mill was at that time under the control and management of Joseph B. Cunningham and Andrew S. Murphy, either as partners doing business under the firm name of Aliceville Lumber Company, or doing business there for the Aliceville Lumber & Construction Company, was caused by the negligence of the defendant, the Alabama, Tennessee & Northern Railway company, or its agent or agents, servant or servants, either by failing to have its locomotive or locomotives equipped with a suitable spark arrester or arresters or in the negligent operation of the locomotive or locomotives whereby, as a result whereof, a spark or sparks, or coal or coals escaped from the said railroad company's locomotive or locomotives while passing the mill above described, on, to-wit, the 10th day of October, 1909, and set fire to or destroyed, or greatly injured, or damaged, the mill, its machinery, products, and lumber.

"(2) If the jury should find the above issue in favor of the respondents in this case, and that the fire was caused by the negligence of the railroad company, its agent or agents, the jury will then determine what was the damage done by said fire to the following described property [describing said property]. If the jury should find the first issue in favor of the railroad company, it will not be necessary to determine the subsequent issues. It is further ordered that Cunningham and Murphy, or Aliceville Lumber & Construction Company be treated as plaintiff, and the railroad company as defendant, upon the trial of said issues. It is further ordered that upon the trial of said issues either party in this cause may introduce any legal evidence heretofore given in this court by deposition, *as well as any other legal evidence that they may desire to introduce.*"

All further questions were reserved "until the certificate had been returned to the determination of the issues above referred." Said issues were by the register of the chancery court certified to the circuit court of Pickens county for trial by a jury pursuant to said order of the chancellor. From the certificate of the

clerk of said circuit court we are informed that said issues were duly and regularly submitted to, and tried and determined by a jury in that court, on the 12th day of January, 1914, pursuant to the decree of the chancellor of date June 7, 1913; and the result thereof was duly certified by the clerk of said circuit court to the chancery court, and duly filed, on the 24th day of March, 1914. This certificate was, of the finding of both issues of fact, submitted to the determination of the jury, against the Alabama, Tennessee & Northern Railway Company, and of the assessment of the damages of the respective pieces of property destroyed by fire, as follows: (A) Damages to sawmill shed and to one planing mill shed, $1,000; (B) damages done to sawmill, two planing machines, one edger machine, one cut-off saw, two steam boilers, two steam engines, one knife grinder, one lot of shafting, belting, and fixtures and attachments attached to or used in connection with the above-described machinery, $6,-324.30; (C) damages done to the lumber on the said mill-yard at the time of said fire, on, to-wit, the 10th day of October, 1909, the further sum of $6,820.

The Alabama, Tennessee & Northern Railway Company reserved no bill of exceptions, certified stenographic notes, or other record or certificate of the evidence on which the jury in the circuit court tried and determined the issues of fact so certified by the chancellor to that court for determination; nor certificate or other record of any rulings by the circuit court, on the reception or rejection of evidence, or on the trial of the said submitted issues of fact by the jury. The record of the proceeding thereafter had in the chancery court likewise failed to inform the chancellor, and now, on appeal from the decree of the chancellor, fails to inform this court, what evidence was before the jury, on which the issues were tried, and what evidence was excluded by the court from the jury's consideration, or what the instructions of the court were, to the jury, on the law as applicable to the evidence adduced. Aside from the depositions on file when the cause was first submitted on the motion, and the order of submission by the chancellor to the effect *that either party might introduce any legal evidence theretofore given in the chancery court by the depositions, as well as any other legal evidence that might be desired to be introduced on the trial of the issues in the circuit court,* and said certificate of the clerk of the circuit court, of the finding of the jury, this record is silent as to what transpired during said trial.

On March 26, 1914, complainant moved in the chancery court to vacate and set aside the said verdict of the jury, on the grounds, among others: That the finding of the jury had not been certified back to the chanery court in accordance with the decree theretofore rendered in the cause; that the verdict and finding of the jury was contrary to the evidence; that said verdict and finding of the jury was contrary to law; that the preponderance of the evidence did not show that the complainant, or its agents or servants, set fire to or destroyed by fire, the property of respondents; that the evidence introduced in the cause did not support a finding that the fire which destroyed respondents' property was proximately caused by the negligence of the complainant, its agents, servants, or employees. This motion, however, does not appear by this record to have been supported by any certificate, or stenographic report, or other showing of what evidence was adduced or excluded on the trial of the submitted issues of fact by jury in the circuit court of Pickens county.

At the spring term of the chancery court (on the 20th day of March, 1914), the respondents, Cunningham and Murphy, and Aliceville Lumber & Construction Company, amended their respective answers to the said original bill, by making them cross-bills, each respondent making the other, and the Alabama, Tennessee & Northern Railway Company, parties respondent to his cross-bill, claiming the property destroyed, and denying title in the others. Each cross-bill prayed a decree against the Alabama, Tennessee & Northern Railway Company for the value of the property destroyed, with interest, and for other, further, and general relief. On the 26th day of March, 1914, each of the respondents to the cross-bills, except the Alabama, Tennessee & Northern Railway Company, filed answer to the cross-bill of the other, and the causes were continued for the answer of the Alabama, Tennessee & Northern Railway Company.

On April 25, 1914, said Alabama, Tennessee & Northern Railway Company filed its answers to said cross-bills, in substance denying the allegations therein contained, demanding strict proof of the same, and denying that the fire which destroyed the property in question was caused by the negligence of said respondent, or of its agents or employees.

At the fall term of said court (on the 2d day of October, 1914), the respective cases were submitted for final decree, by

[Alabama, Tenn. & Northern Ry. Co. v. Aliceville Lumber Co., et al.]

consent of all parties in open court, and the same were held by the chancellor for decree in vacation. The minute entry of this submission for final decree was: "This cause coming on to be heard at this term was submitted for decree on the pleadings and proof and objection and former decrees, heretofore noted in former submission, assigned on motion to set aside the verdict of the jury as all appears by note of testimony refiled today. And held by consent of all parties in open court for decree in vacation, complainants are to have until 12th November, 1914, within which to file briefs, defendant then to have till December 24, 1914, to file briefs, and then complainant to have till January 3, 1915, to file briefs and reply, immediately after which the register will forward the papers to the chancellor. * * * It is further ordered that all causes, motions, and petitions not otherwise disposed be and hereby are continued to the next term of this court and thereupon the court adjourns sine die."

And on the minutes of said court, of date 26th day of March, 1915, it is recited that: "This day come the parties by their solicitors, and the case is submitted on note of testimony offered on former submission and consent for decree in vacation."

On the 1st day of June, 1915, the chancellor rendered, and (on the 5th day of June, 1915) caused to be filed and enrolled, the final decree in said causes, from which the appeal is taken.

The reporter will set out this final decree in the statement of facts.

In this decree final jurisdiction of all litigated matters in said causes is assumed and exercised, and the causes are determined; and the class of cases wherein the submission of disputed facts to a jury is a matter of right (Code, § 6207), and the class of cases where a reference of such facts is made by the court (Code, § 3201) for the purpose of satisfying the conscience of the chancellor, are distinguished. It is further specifically indicated in the decree that to enable the chancery court to review the finding of facts by the jury, the entire evidence should have been certified to it, with such objections pointed out as showed that the finding of the jury was so opposed to the evidence as to be worthless as a guide to the chancellor; that this had not been done; that respondent railway company seemed to rely, for support of its motions, on objections to the evidence, without showing what the rulings of the lower court were; that the court must presume in favor of the lower court, and not against it; that it

must be shown, not that certain irrelevant and immaterial or illegal evidence was offered or even admitted, but that the finding of the jury from the legal evidence before it was erroneous and unfair, and not such as could be arrived at by fair-minded jurymen; that there was nothing in this record to show this, or that the jury were influenced by the admission of illegal or irrelevant evidence. The further recital is made in the decree that "an examination of the testimony taken by depositions in this cause before the issue was referred to the jury leads the chancellor to the same conclusion as that arrived at by the jury from the evidence before it," and that "the chancellor is then justified in arriving at the conclusion that the finding of the jury was fairly obtained," and should not disregard it. The decree, thus made and enrolled, was in effect the verdict of the jury. On July 12, 1915, appellant perfected its appeal to the Supreme Court from this decree, and now assigns the rendition of the decree as error.

(1) The jurisdiction of the chancery court was invoked by appellant railroad company, as complainant in the original bill, on the ground of a community of interest in the subject-matter in controversy, in which the various litigants are interested. As complainants in the cross-bills, on the special grounds for equitable intervention therein alleged, appellees submitted to the jurisdiction of the chancery court.—*Ætna Ins. Co. v. Hann*, 196 Ala. 234, 72 South. 48; *Hamilton v. Alabama Power Co.*, 195 Ala. 438, 70 South. 737; *Cleveland v. Insurance Co. of North America*, 151 Ala. 191, 44 South. 37; *Roanoke Guano Co. v. Saunders*, 173 Ala. 358, 56 South. 198, 35 L. R. A. (N. S.) 491; *Southern Steel Co. v. Hopkins*, 174 Ala. 465, 57 South. 11, 40 L. R. A. (N. S.) 464, Ann. Cas. 1914B, 692; *Turner v. City of Mobile*, 135 Ala. 73, 33 South. 132; *Tribette's Case*, 70 Miss. 182, 12 South. 32, 19 L. R. A. 660, 35 Am. St. Rep. 642; *Vandalia Coal Co. v. Lawson*, 43 Ind. App. 226, 87 N. E. 47. Having assumed jurisdiction, a court of equity will proceed to a full adjudication of the issues presented in the cause by the pleading and the evidence.—*Hicks v. Meadows*, 193 Ala. 246, 69 South. 432; *Hundley v. Harrison*, 123 Ala. 292, 26 South. 294; *Booth v. Foster*, 111 Ala. 312, 20 South. 356, 56 Am. St. Rep. 52; *Virginia Co. v. Hale & Co.*, 93 Ala. 542, 9 South. 256; *Marshall v. Marshall*, 86 Ala. 383, 5 South. 475; *Farris v. Dudley*, 78 Ala. 124, 56 Am. Rep. 24.

[Alabama, Tenn. & Northern Ry. Co. v. Aliceville Lumber Co., et al.]

(2)  Without deciding the question of jurisdiction of the chancery court, we hold that the appellant cannot now be heard to question it.  In *Whaley v. Wilson,* 112 Ala. 627, 631, 20 South. 922, 923, this court said, touching the ascertainment of damages by a chancery court, that:  "Having assumed jurisdiction to grant relief in such a case, the court of equity will retain the bill and proceed to do complete justice between the parties, without remitting them to a court of law for an adjustment of damages, to which complainant may be entitled growing out of the creation and maintenance of the nuisance.  This may be done on the evidence by the chancellor himself, or by reference to the register to report, or else it may be submitted to the determination of a jury."

The *Whaley Case* is rested on the authority of *Stow v. Bozeman,* 29 Ala. 397, 402, 403, where the court said:  "Having obtained jurisdiction over the case on account of the misrepresentation as to the quantity of the land," the court "should have gone on and done complete justice by settling the entire litigation, without remitting the complainant to his defense at law as to the payments alleged to have been made on the notes.  *  *  *  If the question of fact had been of damage, or fraud, or any other peculiarly fitted for the determination of a jury, it would have been proper to have left that question for trial at law."  The *Whaley Case* has since been approved on this point by *Tedescki v. Berger,* 150 Ala. 649, 43 South. 960, 11 L. R. A. (N. S.) 1060; *Farris v. Dudley, supra; Barnett v. Tedescki,* 154 Ala. 474, 45 South. 904; *Terrell v. Southern Railway Co.,* 164 Ala. 423, 51 South. 254, 20 Ann. Cas. 901; *Kilgore v. Kilgore,* 103 Ala. 614, 15 South. 897.

The question of issues out of chancery was first discussed in *Kennedy v. Kennedy,* 2 Ala. 571, where the right and duty of a chancery court to determine questions of fact is asserted, and it was declared that the chancery court should not award an issue to be tried at law, unless the proof is so conflicting as to make it difficult to attain any conclusion.  There was at common law an exception to thus rule, for in England an heir at law, contesting the validity of a will, had the right to try the issue of devisavit vel non by a jury.—2 Har. Ch. Prac. 126; 2 Black. Com. 452; 2 Story's Eq. 672.  An early Alabama statute, under which this proceeding might be had, gave the chancellor the power to direct an issue of fact whenever the chancellor thought proper, in issues

[Alabama, Tenn. & Northern Ry. Co. v. Aliceville Lumber Co., et al.]

of devisavit vel non.—*Kennedy v. Kennedy, supra; Johnston v. Hainesworth,* 6 Ala. 443. Such a reference being made, for the purpose of enlightening the conscience of the chancellor, he was allowed the utmost discretion in awarding or refusing this jury trial. In *Johnston v. Hainesworth, supra,* on this question it is said: "Until the testimony is taken, it cannot be known whether any conflict will arise so as to make it necessary to refer the decision to a jury, and it is premature to direct one previously."

In *Rice v. Tobias,* 83 Ala. 348, 3 South. 670, is the expression: "The statute then, as under the Code of 1876, authorized an issue of fact to be tried when 'necessary,' as under the old English rule of chancery practice. Such a reference, as said in Adams' Equity, p. 376, can only be made, 'where the evidence creates a doubt, and not as a substitute for omitted evidence; and, therefore, the party claiming the issue must first prove his case by regular depositions.'"

(3) It is to be observed that the decision in *Rice v. Tobias, supra,* was based on section 3890 of the Code of 1876, and that Mr. Justice SOMERVILLE pointed out that this statutory right was limited to cases whenever it was "necessary" for any fact to be tried by a jury under the statute then regulating jury trials of issues out of chancery. This was section 3890 of the Code of 1876, which was essentially different from the corresponding section (3201) of the Code of 1907. The holding in *Rice v. Tobias* has no application to the submission of issues of fact for jury trials under section 3201 of the Code of 1907. Under the present statute a chancery court may submit an issue of fact arising in a cause pending therein, to the determination of a jury "summoned to attend the court of chancery," or such issue "may be certified for trial to the circuit court of the district" (Code, § 3201); and such issue must be tried by such jury "upon the like evidence as a suit at law, together with such parts of the bill, answers, depositions, and other proceedings in the cause, as the court may order; and the court may also order the examination of the parties to the suit, allowing the other party to impeach or contradict such evidence."—Code, § 3202.

Where there was a motion to vacate an order, setting aside the verdict of a jury rendered in a will contest in chancery, this court has recently discussed the right of the chancellor to submit controverted issues of fact to a jury for trial, and it was held that the chancellor directing such trial had the power to set

aside the verdict of the jury and order a new trial by jury of the issues submitted, or of other issues of fact so presented in the court.—*Ex parte Colvert,* 188 Ala. 650, 65 South. 964. See, also, *Adams v. Munter,* 74 Ala. 338; *Alexander v. Alexander,* 5 Ala. 517.

(4) Where such trials by jury are not a matter of right, but are only for the purpose of "enlightening the conscience of the chancellor," he is allowed the "utmost discretion in making or refusing" the order submitting the issue of fact to a jury.—*Kennedy v. Kennedy, supra; Alexander v. Alexander, supra; Johnston v. Hainesworth, supra; Atwood v. Smith,* 11 Ala. 894; *Adams v. Munter, supra; Rice v. Tobias, supra; Mathews v. Forniss,* 91 Ala. 157, 8 South. 661; *Norwood v. L. & N. R. R. Co.,* 149 Ala. 151, 159, 42 South. 683; *Stallworth v. Brown,* 155 Ala. 217, 46 South. 467; *Ex parte Colvert, supra;* 1 Pom. Eq. Jur. § 32; Adam's Eq. 376; 1 Story, Eq. Jur. 72.

In *Robinson v. Inzer,* 195 Ala. 491, 70 South. 717, where a court of equity had submitted a disputed question of fact to a jury for trial on the law side of the court, and a verdict had been certified therefrom in favor of the respondent, and the complainant in the court of equity had thereupon moved that the verdict be set aside and a decree rendered in favor of the complainant, this court declared that the jury trial on the law side of the court "was not an independent trial, but was a part of the chancery proceeding, and the verdict was subject to the revisory power of the chancellor."

The exercise of this revisory power by the chancellor, over the issues of fact as ascertained and declared by the verdict of a jury, has been considered by our court. In *Norwood v. Louisville & Nashville Railroad Company, supra,* discussing generally the jurisdiction of the court of chancery, it is said: "No question of law can be reserved by bill of exceptions, the action of the jury is merely for the information of the chancellor, and not conclusive on his conscience or judgment, and in many respects the trial is unlike the jury trial at law that it would seem a court of chancery should, at least, demand strict conformity to the requirements of the law before interfering with the judgment of the law court."

That the expression, "No question of law can be reserved by bill of exceptions," had reference to review by an appellate court of the finding of the jury is made plain in *Mathews v. Forniss,*

*supra.* The Chief Justice there said of such trials: "Issues thus ordered, and proceedings under them, are governed by principles essentially different from those which obtained in trials of common-law suits. In their trial, unlike the proceedings in common-law suits proper, no question can be reserved by bill of exceptions for revision in an appellate court. And the finding of the jury is not conclusive upon the judgment or conscience of the chancellor. He may disregard the jury's finding and render his decree in direct antagonism to it. He may also, if not satisfied with the finding, re-refer the issue to another jury; and the finding of a second jury is not absolutely controlling with him. Such issue and the proceedings under it are not determinative in their nature. They are but aids to assist the chancellor in forming his judgment, which is, at least, the decree, or judgment in the cause. And when an appeal is taken, error is not assigned to any ruling on the trial before the jury. The revisable questions are those which arise out of the rulings of the chancellor as chancellor."

It will be noted that in the *Mathews Case*, the bill in equity was for the purpose of contesting the probate of a will, and that in such case the trial of the disputed issue of fact by a jury was a matter of right, if such had been invoked by timely demand therefor, and that the right was waived by a final submission of the cause by agreement; no demand for such trial by jury being made.

(5) It is now insisted that the *Mathews Case* was a modification of the rule of procedure indicated in *Adams v. Munter, supra,* by Chief Justice STONE, as follows: "It is contended, in the next pace, that the chancellor should have decreed for complainant, veredicto non obstante. This contention is based alone on the depositions found in the record. But now can we know, or presume, that the issue before the jury was tried on that evidence alone? The statute directs that 'such issue must be tried upon the like evidence as a suit at law,' together with the proof furnished by the chancery file, as the chancellor may order. How, in the state of this record, are we to know what oral evidence was or was not given before the jury? In the absence of record proof to the contrary, we must presume that all was rightfully and lawfully done in the court below. If the appellant was dissatisfied with the conduct of the trial of the issue in the circuit court, he should have had the particulars wherein he supposed

himself injured by the rulings on that trial, certified by the presiding judge, and thus made that certificate, or the certified exceptions, the basis of a motion for relief before the chancellor. The chancellor had power to award a venire de novo, with more specific directions, if he chose to give them, or to disregard the finding of the jury, as based on illegal or insufficient·testimony, or improper rulings by the presiding judge."

The two cases of *Adams v. Munter*, and *Mathews v. Forniss* were decided by Judge STONE. A careful consideration of both opinions ·convinces us that Judge STONE had in mind the two cases in which a chancellor may refer a question of fact to be tried by a jury; that is: (1) Where a trial by jury of the disputed question of fact in chancery was given as matter of right; and (2) where no such right existed, but the necessity therefore (under the statute then of force) was from the evidence apparent to the chancellor. The decision in *Mathews v. Forniss* cited the *Adams v. Munter Case* in support of the conclusion announced. This is persuasive that Judge STONE did not intend to overrule or modify the decision in *Adams v. Munter*, or else that the two opinions were not thought to be inconsistent. It is true that in *Mathews v. Forniss* the expression is used: "In their trial, unlike the proceedings in common-law suits proper, no question can be reserved by bill of exceptions for revision in an appellate court. * * * And when an appeal is taken, error is not assigned to any ruling on the trial before the jury."

It is clear, however, that this language, "for an appellate court," had reference to the revision, by appeal to this court, of the verdict of a jury, or of the rulings of the court on such trial at law, without presenting the same for review by the chancellor. Such revisory power was with the chancellor or the court of equity submitting such fact for trial at law. Further considering the two cases, it is noted, that in *Adams v. Munter,* a bill was filed in the chancery court for the purpose of having set aside a fraudulent judgment, a case in which Adams had no right to a trial by jury under the statute of 1876, and that the chancellor had decreed in conformity with the verdict of the jury, and dismissed the complainant's bill. On appeal from this decree the complainant assigned as error the interlocutory order of the chancellor submitting the issue of fact to the jury, the incorporation of the verdict of the jury in the decree of the chancellor,

and the dismissal of the bill. It was further contended that the chancellor should have decreed for appellant veredicto non obstante; that the chancellor erred in overruling complainant's motion to annul and disregard the verdict of the jury and the rendition of the final decree. In this state of the pleading was declared the rule of the *Adams v. Munter Case.* Thus was presented for decision the question that is before us.

In *Mathews v. Forniss,* involving the contest of a will, the right to a trial by jury existed as a matter of right, yet, as we have pointed out, there was no timely demand therefor, the necessity for such certification for a trial by jury being apparent to the chancellor, and he did so certify the same. The status thus presented was practically the same as where such right did not exist, but the same was certified to a jury for trial to the end of informing the conscience of the chancellor. The controlling factor in *Mathews v. Forniss* is shown by the recital (91 Ala. 161, 162, 8 South. 662): "At the term of the court when the submission was ordered, neither party applied for a jury. When the file reached me, the complainant insisted upon an issue before a jury. I do not think, as a matter of right, the complainant can demand a jury now, after being silent as to that on the original submission. But a careful examination of the pleadings and the voluminous testimony convinces me that this is a proper case to be tried by a jury, especially when the application is made by either party before the court is called on to enter upon the investigation of the questions of fact at issue. It is therefore adjudged, ordered, and decreed that an issue be made up between the parties, setting forth clearly the true questions of fact to be tried.' * * * The chancellor, as we have seen, did not set aside the submission, when he made an order referring the issue to a jury; *and we hold that the submission was* [italics interpolated] for the aid of his own judgment or conscience under section 3585 of the Code. We consequently disallow the bill of exceptions (91 Ala. 165, 8 South. 664)."

Judge STONE treated, however, as a controlling factor the fact that the cause was submitted to the chancellor for decree on the merits, so entered of record, and that at such time neither party requested a trial by jury; and that the right to demand a jury had been waived because no such demand therefor had been made before the submission of the cause; and that such submission of the issue of fact to a jury, by the chancellor, while

[Alabama, Tenn. & Northern Ry. Co. v. Aliceville Lumber Co., et al.]

the cause was so pending before him on final submission by agreement of parties, was irregular. Such a submission should have been set aside before making an order submitting the issue of fact to a jury of the circuit court. The order of submission of fact to the jury, not being in accord with the procedure provided or theretofore indicated, the bill of exceptions, seeking to review the act of the chancellor in this court, was disallowed as improper to present the questions for review in the Supreme Court. Such questions so sought to be reviewed must be presented and insisted on in the lower court before the chancellor.

In *Ex parte Colvert*, supra, the procedure laid down was for the aggrieved party to have the particulars, wherein he supposes himself injured on the trial at law, certified as the proceedings thereof to the chancery court and make such certificate the basis of a motion for relief before the chancellor. This procedure declared in the *Colvert Case* was on authority of *Adams v. Munter, supra*. The *Adams Case* was on authority of *Alexander v. Alexander*, 5 Ala. 517, which case in turn rested on the decision of the Lord Chancellor in *Barker v. Ray*, English Chancery Report, 2 Russell's Rep. 75. It is true that the *Colvert Case* was the contest of a will, and the statute thus governing provides that either party, as a mater of right, may demand a trial by jury. There is therefore a difference between the *Colvert Case* and the instant case. In the former, such trial was a matter of right; in the latter, a matter of discretion. It must be admitted that the expression in *Ex parte Colvert*, "It would seem * * * that the same rules or procedure must govern every case in which the trial by jury is had of doubtful or controverted issues of fact, arising in a suit in chancery regardless of the question as to whether the chancellor has a discretion as to ordering a jury trial or whether he is without discretion in so ordering it," was dictum. But it was in accord with the decisions in *Adams v. Munter, supra; Alexander v. Alexander, supra, and Barker v. Ray, supra*.

It will be well, in adverting to the *Barker Case,* to say that there an issue of fact was directed and tried, and that Lord Chancellor Eldon presupposed knowledge on the part of the chancellor of the evidence adduced at the jury trial, the Lord Chancellor saying:

"In considering whether, in such a case as this, the verdict ought to be disturbed by a new trial, allow me to say that the

court, in granting or refusing new trials, proceeds upon very different principles from those of a court of law. *Issues are directed here to satisfy the judge, which judge is supposed, after he is in possession of all that passed upon the trial, to know all that passed here;* and, looking at the despositions in the cause, and the *proceedings both here and at law,* he is to see whether on the whole they do or do not satisfy him. It has been ruled over and over again that, if on the trial of an issue a judge reject evidence which ought to have been received, or receive evidence which ought to have been refused, though in that case a court of law would grant a new trial, yet if this court is satisfied that, if the evidence improperly received had been rejected, or the evidence improperly rejected had been received, the verdict ought not to have been different, it will not grant a new trial merely upon such grounds."

(6) It is thus clear that each of these cases presupposes, or specifically declares a procedure by which the chancellor may be informed of the facts adduced on the trial at law of the submitted issues; that is to say, by a certificate or certified exceptions or certified stenographic report of the trial by the trial judge as the basis of a motion for relief before the chancellor. Failing in this, if the chancellor sees fit to embrace the finding of the jury in his decree, this court cannot be informed of the evidence on which he acted and by which the decree is supported.

How can it be said, if the complaining party may not seasonably take or make exceptions on the trial of the issue of fact before the jury, and duly present the same to the chancellor by such authenticated certificate, that the chancellor committed error in the incorporation in his decree of that finding of fact? How else could the chancellor be informed whether on such trial evidence was taken ore tenus pursuant to the statute (Code, § 3202) and pursuant to the decree in this case of submission of said issue for trial to the jury and what the evidence was? How else could this court be informed of "the facts upon which the decision of the chancellor is rested?"—*Woodrow v. Hawving,* 105 Ala. 240, 16 South. 720; *Roy v. O'Neill,* 168 Ala. 354, 52 South. 946; *Freeman v. Blount,* 172 Ala. 655, 55 South. 293; *Claflin Co. v. Muscogee Co.,* 127 Ala. 376, 30 South. 555; *Toney v. State,* 144 Ala. 87, 40 South. 388, 3 L. R. A. (N. S. 1196, 113 Am. St. Rep. 20, 6 Ann. Cas. 865.

[Alabama, Tenn. & Northern Ry. Co. v. Aliceville Lumber Co., et al.]

If we may look to other analogous rulings of our court, in *Wood v. Wood,* 119 Ala. 183, 24 South. 841, on appeal from a decree dismissing the bill, where the certificate recited that the record contained all of the evidence, except the testimony of one witness, which the note of testimony showed was before the chancellor and not found in the record, it was presumed that the testimony of such witness in connection with all the other evidence justified the conclusion of the chancellor. To the same effect was the ruling in *Jefferson v. Sadley,* 155 Ala. 537, 46 South. 969. It is noted that in *Blount v. Blount,* 158 Ala. 242, 250, 48 South. 581, 21 L. R. A. (N. S. 755, 17 Ann. Cas. 392, where the decree of the chancellor affirmatively showed the exclusion of competent evidence for complainant, a reversal was had, though the recital was contained in the decree that the result would not have been different with the evidence admitted. So in *Freeman v. Blount,* 172 Ala. 655, 55 South. 293, discussing the effect of section 5955 of the Code, the court declared that obviously such a review in respect to the fact leading to the rendition thereon of such decree "comprehends the duty to revise the seasonably taken and appropriately made exceptions, * * * to the rejection or reception of the evidence."

Further analogous cases are those holding that a register's finding on the oral examination of witnesses is presumed to be correct (*Bidwell v. Johnson,* 195 Ala. 547, 70 South. 685; *Roy v. O'Neill, supra*), and that the judgment of the court, where the trial was had without the intervention of a jury, will not be disturbed unless plainly contradictory to the great weight of the evidence.—*Hackett v. Cash,* 196 Ala. 403, 72 South. 53; *Finney v. Studebaker Co.,* 196 Ala. 422, 72 South. 55; *Jackson Lumber Co. v. Trammell, infra,* 74 South. 469; *Woodrow v. Hawving, supra; Scruggs v. State,* 165 Ala. 121, 51 South. 302.

It is insisted that no weight should be given to the decision of the chancellor upon the facts, but that the Supreme Court should weigh the evidence and award justice as to them it seems meet (Code, § 5955; *Huntsville Elks Club v. Garrity-Hann Co.,* 176 Ala. 128, 57 South. 750; *Thornton v. Esco, et al.,* 181 Ala. 241, 61 South. 255; *Shows v. Folmar, et al.,* 133 Ala. 599, 32 South. 495); that the statute requires this court to pass anew upon the facts, even in a case where the trial was had at law on submission of the chancellor, though the evidence adduced at such trial is not shown by the record. We believe it necessarily

follows that in chancery cases, where a trial by jury was a matter of right and the issue was so submitted and tried, and the chancellor embraced in his decree the finding of the jury, not to provide for a review before the chancellor of the proceedings had on the jury trial, would, in effect, be a denial of the right of review of the facts by appeal under section 5955 of the Code. So in other cases from such court, where the chancellor, under the statute, submits a question of fact to the decision of a jury of the circuit court, and it is so tried, and on certification the verdict is made the decree in the cause, if the chancellor may not be informed by a certificate or certified stenographic report from the trial judge of the proceedings had before such judge or such trial, this, in effect, would be a denial of the right of review by appeal under section 5955 of the Code. How could this court say in either event that the proper decree was or was not entered in the cause, if the method of informing the chancellor of the evidence introduced or excluded on the jury trial and of making such information a part of the record in the chancery court were not provided? If no presumptions are to be indulged in favor of the correctness of the decree under the statute, the same statute presupposes a procedure, that parties litigant may fully inform the reviewing tribunal, the chancery court, and lastly, the appellate court, of all proceedings had on the trial of the issue of fact before the jury, and of the introduction and exclusion of competent evidence that induced the decree appealed from. The one is necessary to the application of the other. Without such a rule of procedure the right of appeal in such cases would be vain and useless.

(7) It is elementary that, if there be uncertainty as to what was really decided, resort may be had to the pleadings and the opinion of the court, to throw light upon the subject.—*National Foundry & Pipe Works v. Oconto Water Sup. Co.*, 183 U. S. 234, 22 Sup. Ct. 111, 46 L. Ed. 157; *Baker v. Cummings*, 181 U. S. 117, 21 Sup. Ct. 578, 45 L. Ed. 776; *Mining Co. v. Tyler*, 157 U. S. 683, 15 Sup. Ct. 733, 39 L. Ed. 859.

The chancellor's final decree makes plain his difficulty in passing on appellant's motions and objections to evidence, reciting that the evidence on which the trial at law was had was not certified to him, and that the respondent, appellant, had relied on supporting its motions and objections to the evidence, "without showing what was the ruling of the lower court" thereon.

It follows that the decree of the chancery court must be affirmed.

Affirmed.

MCCLELLAN, MAYFIELD, and SOMERVILLE, JJ., concur.